■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SANTIAGO FERRER, Also Known as FERRER SANTIAGO, Appellant. [594 NYS2d 202] —Judgment, Supreme Court, New York County (Thomas Galligan, J.), rendered April 16, 1991, convicting defendant, after jury trial, of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the seventh degree, and sentencing him to concurrent terms of imprisonment of five to ten years on the third degree counts, and one year on the seventh degree count, unanimously affirmed.

A police officer observed one Ortiz selling narcotics of a certain brand. After defendant supplied Ortiz with additional

glassine packets of heroin, the officer arrested Ortiz. Defendant was then apprehended in a nearby playground, in possession of additional heroin glassines stamped with the same brand as those sold by Ortiz.

Testimony concerning the sale of heroin by Ortiz, and his possession of heroin and currency when arrested, was admissible to present the jury with a comprehensible narrative of the events, as well as to establish that defendant's possession of heroin was with intent to sell *(People v Hernandez,* 71 NY2d 233). While defendant was not charged with acting in concert with Ortiz, this was always the theory of the People's case, and no prejudice or surprise resulted to defendant from permitting the jury to hear evidence tending to show that the heroin possessed by defendant was the "stash", being held with intent to sell, and that its sale was to be accomplished by delivery to Ortiz.

We find no abuse of discretion in the trial court's *Sandoval* ruling, permitting inquiry into one prior conviction for rape. Concur—Sullivan, J. P., Wallach, Kupferman, Kassal and Rubin, JJ.