■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID GONZALEZ, Appellant. [669 NYS2d 220] —Judgment, Supreme Court, Bronx County (Denis Boyle, J.), rendered June 8, 1995, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 5 to 10 years, unanimously affirmed.

Evidence of non-buy money recovered from defendant's two accomplices in this undercover sale was properly admitted on the issue of defendant's intent to sell (*see, People v Ferrer*, 191 AD2d 215, *lv denied* 81 NY2d 1013; *People v Haynes*, 172 AD2d 242, *lv denied* 78 NY2d 967). Defendant's connection with the money possessed by his accomplices may be readily inferred from the evidence presented by the People in support of the acting in concert theory that they advanced at trial. We specifically note that this defendant received the actual buy money from the undercover officer and immediately gave it to one of the accomplices, from whom it was recovered. Thus, the jury could have drawn a reasonable inference that all three individuals jointly possessed the non-buy money as well. Moreover, the court gave proper limiting instructions concerning

the non-buy money at several points in the trial, without any objections by defendant or requests for further relief. In any event, any error in the receipt of the non-buy money would have been harmless in view of the overwhelming evidence of guilt.

Limited expert testimony on the various roles of the participants in street-level narcotics sales was properly admitted to explain the absence of buy money or any other money, or of a large supply of drugs on this particular defendant and his role in the sale (see, People v Lacey, 245 AD2d 145).

We have considered defendant's remaining contentions and find them to be without merit. Concur—Milonas, J. P., Ellerin, Williams and Tom, JJ.