■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS TORRES, Appellant. [676 NYS2d 51] —Judgment, Supreme Court, New York County (Bernard Fried, J., at hearing; Charles Tejada, J., at jury trial and sentence), rendered September 4, 1996, convicting defendant of criminal sale of a controlled substance in the third degree, and sentencing him to a term of 4½ to 9 years, unanimously affirmed.

Defendant's suppression motion was properly denied. The hearing court properly determined that probable cause existed because the arresting officer specified the descriptions (*compare, People v Rivera*, 187 AD2d 258) and location provided by the undercover officer, and indicated that after the chase of defendant's accomplice, she detained defendant (*see, People v Sanchez*, 245 AD2d 105; *People v Milan*, 215 AD2d 239, *lv denied* 86 NY2d 798; *see also, People v Vinniane*, 242 AD2d 464, *lv denied* 91 NY2d 882).

The court properly ordered limited closure of the courtroom (permitting defendant's mother, brother, girlfriend and another friend, who is an attorney, to remain) during the undercover officer's testimony where it was demonstrated that the officer had prior drug purchases in the same area where defendant was arrested, that he remained active as an undercover in that area, that he had lost subjects from that area and was presently involved in ongoing long-term investigations in that area, that he had been threatened by people in the area, that he had made efforts to conceal his identity at trial, and that he feared for his safety and that of the investigation (*see, People v Ayala*, 90 NY2d 490, *cert denied* 522 US 1002). Defendant's claim that the court should have considered the alternative of disguising the undercover is not preserved for review and we decline to review it in the interest of justice.

The verdict was not against the weight of the evidence. The totality of defendant's conduct in relation to the sale, including defendant's response "Yeah, wait" to the undercover officer's inquiry "You guys got?" established defendant's participation. Concur—Rosenberger, J. P., Ellerin, Nardelli, Wallach and Saxe, JJ.