■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AARON WILLIAMS, Appellant. [747 NYS2d 159]

Although defendant alluded to some dissatisfaction with the court's proposed response to a note from the deliberating jury, at no time during the trial did defendant contend that the jury was confused about the concept of acting in concert, or claim

that the court's supplemental instruction should have been expanded to include a separate and distinct discussion of that concept. Since defendant failed to raise a timely and specific objection to the supplemental instruction on the grounds he now raises on appeal, his current claims are unpreserved for appellate review (*see People v Whalen,* 59 NY2d 273, 280; *People v Borrello,* 52 NY2d 952; *People v Gilchrist,* 239 AD2d 306, 307, *lv denied* 91 NY2d 834), and we decline to review them in the interest of justice. Were we to review defendant's claims, we would find that the court's supplemental instruction was a correct statement of the law and an entirely meaningful response to the jury's inquiry (*see People v Almodovar,* 62 NY2d 126; *People v Malloy,* 55 NY2d 296, 301-302, *cert denied* 459 US 847). The court reasonably interpreted the note as requesting no more than the difference between first- and second-degree robbery and, in particular, whether the display of a gun by another participant constituted first- or second-degree robbery on the part of defendant. Thus, the court's reading of the elements of first- and second-degree robbery gave the jury exactly the guidance they had asked for and the court was not obliged to add a discussion of acting in concert.

Defendant's claim that the People improperly impeached their own witness with a prior inconsistent statement that was neither sworn to nor signed, as required by CPL 60.35 (1), is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that the impeachment was improper but that the error was harmless (*see People v Crimmins,* 36 NY2d 230). Concur—Williams, P.J., Tom, Rosenberger and Friedman, JJ.