■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LISSETTE DEJESUS, Appellant. [817 NYS2d 12]—

Judgment, Supreme Court, New York County (Edward J. Mc-Laughlin, J.), rendered February 20, 2004, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing her, as a second felony offender, to concurrent terms of 5 to 10 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis for disturbing the jury's determinations concerning credibility, including its resolution of inconsistencies in testimony (*see People v Fratello*, 92 NY2d 565, 574-575 [1998], *cert denied* 526 US 1068 [1999]). When viewed in the context of the entire transaction, evidence that defendant stood in front of the van which contained the drugs and told the buyer to "wait until the door opens" supported the conclusion that defendant was a participant in the sale and a joint possessor of the drugs (*see People v Bello*, 92 NY2d 523 [1998]; *People v Torres*, 252 AD2d 364 [1998], *lv denied* 92 NY2d 1039 [1998]; *People v Gonzalez*, 247 AD2d 332 [1998], *lv denied* 92 NY2d 897 [1998]).

By failing to object, or by making only a generalized objection, defendant failed to preserve his challenges to the People's summation and we decline to review them in the interest of justice. Were we to review these claims, we would find no basis for reversal (*see People v Overlee*, 236 AD2d 133 [1997], *lv denied* 91 NY2d 976 [1998]; *People v D'Alessandro*, 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]). Concur—Tom, J.P., Marlow, Gonzalez, Sweeny and Catterson, JJ.