THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL POTTER, Appellant. [824 NYS2d 638]—

Judgment, Supreme Court, Bronx County (Harold Silverman, J.), rendered February 18, 2004, convicting defendant, after a jury trial, of manslaughter in the first degree, and sentencing him to a term of 25 years, unanimously affirmed.

The court accorded defendant ample scope in which to assert a claim of justification, and its rulings did not impair defendant's right to present a defense (*see Crane v Kentucky*, 476 US 683, 689-690 [1986]). Defendant testified, among other things, that he was struggling with the deceased when a knife fell to the ground, and that although he did not know where the knife came from, he was afraid that the deceased would pick it up and use it against him. The court properly exercised its discretion in precluding defendant from testifying as to his surmise that the knife belonged to the deceased, since defendant's belief as to the ownership of the knife was irrelevant (*see People v Aska*, 91 NY2d 979, 981 [1998]) to his stated fear that the deceased was about to acquire and use it. In any event, were we to find any error, we would find it to be harmless in view of the overwhelming evidence disproving defendant's justification defense. To the extent that defendant is also claiming that he should have been permitted to testify about the deceased's dealings in marijuana, we find that claim to be without merit.

Defendant's challenge to the court's response to a jury note is unpreserved (*see People v Williams*, 297 AD2d 565 [2002], *lv*

*denied* 99 NY2d 566 [2002]), and we decline to review it in the interest of justice. Were we to review this claim, we would find that the court's response was meaningful and appropriately conveyed the applicable legal principles (*see People v Almodovar*, 62 NY2d 126, 131 [1984]).

The record does not establish that defendant's sentence was based on any improper criteria, and we perceive no basis for reducing the sentence. Concur—Andrias, J.P., Friedman, Sullivan, Nardelli and Malone, JJ.