■ MARIEL BENNETT, Individually and as Executrix of MARC BENNETT, Deceased, Appellant, v DAVID J. WOLF, M.D., et al., Respondents, et al., Defendant. [835 NYS2d 148]—

Judgment, Supreme Court, New York County (Alice

Schlesinger J.), entered April 21, 2006, on a jury verdict in defendants' favor, unanimously affirmed, without costs.

Plaintiff's challenge to the court's response to a jury note is unpreserved (*see People v Lewis*, 13 AD3d 208, 212 n 6 [2004], *affd* 5 NY3d 546 [2005]), and we decline to review it in the interest of justice (*People v Williams*, 297 AD2d 565 [2002], *lv denied* 99 NY2d 566 [2002]). Were we to review this claim, we would find that, contrary to plaintiff's position, the special interrogatories in support of a general verdict do not dictate an order for the jury's deliberations. Furthermore, the court's response was appropriate.

Plaintiff's counsel failed to object to the challenged comments in the defense summations, so that that issue is also unpreserved (*Murray v Weisenfeld*, 37 AD3d 432 [2007]; *Friedman v Marcus*, 32 AD3d 820 [2006]; *People v DeJesus*, 30 AD3d 1132 [2006], *lv denied* 7 NY3d 811 [2006]). Plaintiff has failed to show error so fundamental that it caused a gross injustice or that the comments substantially influenced or affected the fairness of the trial (*see Smith v Au*, 8 AD3d 1 [2004]). The defense remarks during summation were either fair comment on the evidence, permissive rhetorical comment, or responsive to the summation of plaintiff's counsel (*see generally People v Galloway*, 54 NY2d 396 [1981]).

"[I]n the absence of indications that substantial justice has not been done, a successful litigant is entitled to the benefits of a favorable jury verdict" (*Nicastro v Park*, 113 AD2d 129, 133 [1985]). Moreover, particular deference is traditionally accorded a jury verdict in favor of the defendant in a tort case, "especially if the resolution of the case turns on the evaluation of the conflicting testimony of expert witnesses" (*McDermott v Coffee Beanery, Ltd.*, 9 AD3d 195, 207 [2004]).

Applying these standards, the preponderance of the evidence in favor of plaintiff is not so great that the verdict could not have been reached upon any fair interpretation of the evidence, nor is the defense verdict palpably wrong or irrational. For example, the jury could have rejected plaintiff's expert's assertion that defendant doctors' alleged departures were the proximate cause of decedent's death, and could have instead credited the defense experts' theory that decedent suffered a sudden cardiac arrest resulting from arrhythmia unrelated to the infection. The jury could also have credited the testimony that after the Biaxin and Erythromycin failed to produce results, it would have been imprudent to prescribe further antibiotics before determining the organism that was causing decedent's infection. Concur—Friedman, J.P., Marlow, Sullivan, Sweeny and Catterson, JJ.