▮ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY CORDISCO, Appellant. [892 NYS2d 323]—

Defendant's challenge to the sufficiency of the evidence establishing the element of "knowing or having cause to know that personal injury has been caused to another person" (Vehicle and Traffic Law § 600 [2] [a]) is unpreserved and we decline to review it in the interest of justice. While the court made a postverdict ruling on a somewhat related issue, it did not "expressly decide[ ]" (CPL 470.05 [2]) the particular issue presented on appeal (*see People v Turriago*, 90 NY2d 77, 83-84 [1997]; *compare People v Prado*, 4 NY3d 725 [2004] [court's factual findings in nonjury trial expressly decided issue]; *see also People v Colon*, 46 AD3d 260, 263 [2007]). As an alternative holding, we find that the evidence was legally sufficient. We also find that the verdict was not against the weight of the evidence. Viewing the sufficiency (*see People v Ford*, 11 NY3d 875, 878 [2008]) and the weight (*see People v Danielson*, 9 NY3d 342, 349 [2007]) of the evidence in light of the elements of the crime as charged to the jury, we conclude that the evidence supports an inference that defendant knew or had cause to know that someone had been injured in the accident.

Since defendant only objected to the court's response to the final note, and in doing so took a different position from the one he raises on appeal (*see People v Whalen*, 59 NY2d 273, 280 [1983]; *People v Williams*, 297 AD2d 565 [2002], *lv denied* 99 NY2d 566 [2002]), his contentions regarding the court's responses to a series of jury notes are unpreserved, and we decline to review them in the interest of justice. As an alternative holding, we find that the court responded meaningfully to the jury's inquiries (*see People v Almodovar*, 62 NY2d 126, 131 [1984]).

The court properly declined to submit leaving the scene of an incident under Vehicle and Traffic Law § 600 (1) as a lesser included offense of that crime under Vehicle and Traffic Law § 600 (2) (a). Since a motor vehicle accident can, in the abstract,

cause personal injury without causing property damage, the property damage offense does not qualify as a lesser included offense under the impossibility test (*see People v Glover*, 57 NY2d 61, 63 [1982]). As the Court of Appeals has recently reiterated, if a proposed lesser included offense does not meet the impossibility test, it does not matter whether it fits the particular facts of the case (*People v Davis*, — NY3d —, 2009 NY Slip Op 08676, *3 [2009]). Concur—Gonzalez, P.J., Mazzarelli, Nardelli, Acosta and Román, JJ.