■ ELIZABETH MONACO et al., Respondents, v THOMAS CANTY et al., Appellants. [657 NYS2d 915] —In an action to recover damages for personal injuries, etc., the defendants appeal from a judgment of the Supreme Court, Kings County (Bruno, J.), dated April 30, 1996, which, upon a jury verdict awarding the plaintiff Elizabeth Monaco $50,000 for past pain and suffering, $200,000 for future pain and suffering, $45,000 for past medical expenses, $140,800 for future medical expenses, and $421,200 for future loss of earnings, is in favor of the plaintiff Elizabeth Monaco and against them.

Ordered that the judgment is modified, on the facts and as an exercise of discretion, by deleting the provisions thereof which awarded the plaintiff Elizabeth Monaco $45,000 for past medical expenses and $140,800 for future medical expenses, and substituting therefor a provision severing the plaintiff Elizabeth Monaco's causes of action to recover damages for past and future medical expenses and granting a new trial with respect thereto; as so modified, the judgment is affirmed, with costs to the appellants, unless within 20 days after service upon the plaintiffs of a copy of this decision and order, with notice of entry, the plaintiff Elizabeth Monaco shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to (1) decrease the verdict as to damages for past medical expenses from the sum of $45,000 to the sum of $9,741.61, and (2) decrease the verdict as to damages for future medical expenses from $140,800 to $30,600, and to the entry of an appropriate amended judgment in her favor; in the event that the plaintiff Elizabeth Monaco so stipulates, then the judgment as so decreased and amended is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for entry of an appropriate amended judgment accordingly.

The plaintiff Elizabeth Monaco fell down an entire flight of stairs in her apartment building, when one of the stairs collapsed at the initial impact of her foot. She sustained permanent disability, as testified to by five medical experts. Contrary to the defendant landlords' contentions, the verdict as to liability was supported by the weight of the credible evidence. "It is well-settled that a jury verdict will not be set aside absent a showing that the jury could not have reached its verdict on any fair interpretation of the evidence" *(Peck v Bon Aire Condominium IV Assn.,* 234 AD2d 438, citing *Vebeliunas v American Natl. Fire Ins. Co.,* 156 AD2d 555; *Nicastro v Park,* 113 AD2d 129).

The awards of damages for future lost earnings and past and future pain and suffering were not excessive, as they did not deviate materially from what would be reasonable compensation *(see,* CPLR 5501 [c]; *Chase v City of New York,* 233 AD2d 474). However, the plaintiff Elizabeth Monaco failed to produce evidence at trial to support her past and future medical expenses, except to the extent indicated herein. Accordingly, a new trial is granted as to damages for past and future medical expenses, unless the plaintiff Elizabeth Monaco stipulates to a reduction of those awards. Pizzuto, J. P., Santucci, Joy and Florio, JJ., concur.