■ OLIVE TOPPIN, Respondent, v CAPAN CONTRACTING CORP., Appellant. [673 NYS2d 328] —In an action to recover damages for personal injuries, the defendant appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Kings County (Gerges, J.), dated June 16, 1997, as, upon a jury verdict finding it 40% at fault in the happening of the accident and the plaintiff 60% at fault, is in favor of the plaintiff and against it in the principal sums of $90,000 for past and future lost earnings and $17,000 for past medical expenses.

Ordered that the judgment is modified by deleting the provision thereof which awarded the plaintiff $17,000 for past medical expenses and substituting therefor a provision severing the plaintiff's cause of action to recover damages for past medical expenses and granting a new trial with respect thereto; as so modified, the judgment is affirmed insofar as appealed from, with costs, unless within 20 days after service upon the plaintiff of a copy of this decision and order with notice of entry, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to decrease the verdict as to damages for past medical expenses from the sum of $17,000 to the sum of $13,805.65 and to the entry of an amended judgment accordingly; in the event that the plaintiff so stipulates, then the judgment, as so decreased and amended, is affirmed, without costs or disbursements.

The plaintiff failed to produce evidence at trial to support her claim for past medical expenses except to the extent indicated herein. Accordingly, a new trial is granted as to damages for past medical expenses, unless the plaintiff stipulates to a reduction of that award (*see, Monaco v Canty,* 238 AD2d 486).

The defendant's remaining contention is without merit. Bracken, J. P., Santucci, Altman and McGinity, JJ., concur.