■ CHARLES SMALL et al., Appellants, v YONKERS CONTRACTING INC., Defendant and Third-Party Plaintiff-Respondent, et al., Defendants. RICE MOHAWK, INC., Third-Party Defendant-Respondent. [681 NYS2d 344] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Queens County (Lonschein, J.), dated August 25, 1997, which denied their motion to set aside the jury verdict, and (2), on the ground of inadequacy, a judgment of the same court dated January 27, 1998, which, upon a jury verdict, is in their favor in the principal sum of only $635,000 ($100,000 for past pain and suffering, $180,000 for past lost wages, $15,000 for past medical expenses, $100,000 for future pain and suffering, and $240,000 for future lost wages).

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is modified by deleting the provision thereof which awarded the plaintiffs $15,000 for past medical expenses and substituting therefor a provision severing the plaintiffs' cause of action to recover damages for past medical expenses and granting a new trial with respect thereto; as so modified, the judgment is affirmed, with one bill of costs payable by the respondents appearing separately and filing separate briefs, unless within 20 days after service upon the respondents of a copy of this decision and order, with notice of entry, the respondents shall serve and file in the office of the Clerk of the Supreme Court, Queens County, a written stipulation consenting to increase the verdict as to damages for past medical expenses from the sum of $15,000 to the sum of $28,908, and to the entry of an appropriate amended judgment in the plaintiffs' favor; in the event that the respondents so stipulate, then the judgment, as so increased and amended, is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for entry of an appropriate amended judgment accordingly.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgement (*see,* CPLR 5501 [a] [1]).

Although the plaintiffs produced uncontradicted evidence that the past medical expenses totaled $28,908, the jury only awarded the sum of $15,000, the amount of one of the two bills admitted into evidence without objection. Accordingly, a new trial is granted as to damages for past medical expenses, unless the respondents stipulate to an increase of that award (*see, Toppin v Capan Contr. Corp.,* 251 AD2d 493). Otherwise, the damages verdict did not deviate materially from what would be reasonable compensation (*see,* CPLR 5501 [c]; *Semel v Klein,* 233 AD2d 492).

The plaintiffs' remaining contentions are either unpreserved for appellate review or without merit. Rosenblatt, J. P., Miller, Thompson and Joy, JJ., concur.