■ WENFORD RHAMES, Appellant, v SUPERMARKETS GENERAL CORPORATION, Also Known as S.G.C., Doing Business as PATHMARK STORE, et al., Respondents. [687 NYS2d 268] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Nastasi, J.), entered January 26, 1998, which, upon a jury verdict finding that he had sustained damages in the amount of $1,150,000 ($650,000 for future pain and suffering, $200,000 for past pain and suffering, and $300,000 for future medical expenses), and upon the motion of the defendant Supermarkets General Corporation a/k/a S.G.C., d/b/a Pathmark Store, pursuant to CPLR 4404, to set aside or reduce the verdict, (1) set aside the verdict as to damages for future pain and suffering and future medical expenses, and (2) set aside the verdict on the issue of damages for past pain and suffering as excessive, severed that issue, and ordered a new trial on that issue unless he stipulated to reduce the verdict as to past pain and suffering to the sum of $175,000.

Ordered that the order is reversed, on the law and as a matter of discretion, without costs or disbursments, and the motion is granted to the extent of vacating the verdict on the issue of future medical expenses and granting a new trial with respect thereto unless within 30 days after service upon her of a copy of this decision and order with notice of entry, the plaintiff shall serve and file in the office of the clerk of the Supreme Court, Westchester County, a stipulation consenting to reduce the verdict on the issue of damages for future medical expenses from the sum of $300,000 to the sum of $79,200, and to the entry of an appropriate judgment accordingly, and the motion is otherwise denied.

We disagree with the Supreme Court that the testimony of the plaintiff's medical expert was merely speculative and failed

to show a causal connection between the incident and the plaintiff's current medical condition (*cf., Ramsey v Jewish Hosp. & Med. Ctr.,* 67 AD2d 680). We find that the court erred in setting aside the verdict as to damages for future pain and suffering and future medical expenses as a matter of law.

The verdict on the issues of damages for past and future pain and suffering were not excessive as they did not deviate materially from what would be reasonable compensation (*see,* CPLR 5501 [c]; *Monaco v Canty,* 238 AD2d 486, 487; *Abdulai v Roy,* 232 AD2d 229). Accordingly, the verdict as to damages for past pain and future pain and suffering is reinstated. However, the verdict on the issue of damages for future medical expenses is not supported by the evidence and deviated from what would be reasonable compensation to the extent indicated herein. S. Miller, J. P., O'Brien, Ritter and Santucci, JJ., concur.