■ PATRICIA DURANT, Respondent, v BROOKLYN MEDICAL GROUP, P.C., Appellant. [755 NYS2d 894] —In an action to re-

cover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Kings County (Harkavy, J.), dated June 25, 2001, which, upon a jury verdict awarding the plaintiff $500,000 for past pain and suffering, $12,600 for past loss of earnings, $500,000 for future pain and suffering, $59,472 for past medical expenses, and $59,472 for future medical expenses, is in favor of the plaintiff and against it.

Ordered that the judgment is modified, on the facts and as an exercise of discretion, by deleting the provisions thereof awarding the plaintiff $500,000 for past pain and suffering, $500,000 for future pain and suffering, and $59,472 for past medical expenses, and granting a new trial as to those damages only; as so modified, the judgment is affirmed, with costs to the defendant, unless within 30 days after service upon the plaintiff of a copy of this decision and order, the plaintiff shall serve and file in the office of the clerk of the Supreme Court, Kings County, a written stipulation consenting to decrease the verdicts as to damages for past pain and suffering from the sum of $500,000 to the sum of $75,000, as to damages for future pain and suffering from the sum of $500,000 to the sum of $100,000, and as to damages for past medical expenses from $59,472 to $2,330, and to the entry of an appropriate amended judgment; in the event that the plaintiff so stipulates, then the judgment, as so decreased and amended is affirmed, without costs or disbursements.

Based upon the evidence presented at trial, the awards of damages for past and future pain and suffering deviated from what would be reasonable compensation to the extent indicated (*see Stone v Hidle*, 266 AD2d 705 [1999]; *Tariq v Miller*, 240 AD2d 395 [1997]; *Sescila v Garine*, 225 AD2d 684 [1996]; *Walsh v Kings Plaza Replacement Serv.*, 239 AD2d 408 [1997]). Moreover, the plaintiff failed to produce evidence at trial to support her claim for past medical expenses except to the extent indicated herein (*see Toppin v Capan Contr. Corp.*, 251 AD2d 493 [1998]).

The defendant's remaining contentions are without merit. Santucci, J.P., Schmidt, Townes and Mastro, JJ., concur.