■ AMARNAUTH OUTAR et al., Respondents, v CITY OF NEW YORK, Appellant. [782 NYS2d 658]—

In an action to recover damages for personal injuries, etc., the defendant appeals, as limited by its brief, from stated portions of a judgment of the Supreme Court, Kings County (Ruchelsman, J.), dated April 9, 2003, which, inter alia, upon a jury verdict finding that the plaintiff Amarnauth Outar sustained damages in the principal sum of $4,945,793 for future lost wages, future lost Social Security benefits, and future lost pension benefits, and $10,101 for past lost Social Security benefits, is in favor of the plaintiff Amarnauth Outar and against it.

Ordered that the judgment is modified, on the law, by (1) deleting the provision thereof awarding the plaintiff Amarnauth Outar damages in the principal sum of $4,945,793 for future lost wages, future lost Social Security benefits, and future lost pension benefits and substituting therefor a provision awarding

the plaintiff Amarnauth Outar damages in the principal sum of $4,305,743 for future lost wages, future lost Social Security benefits, and future lost pension benefits, and (2) deleting the provision thereof awarding the plaintiff Amarnauth Outar damages in the principal sum of $10,101 for past lost Social Security benefits and substituting therefor a provision awarding him damages in the amount of $0 for past lost Social Security benefits; as so modified, the judgment is affirmed insofar as appealed from, with costs to the plaintiffs.

While working on the subway tracks, the then 27-year-old plaintiff Amarnauth Outar was injured when an unsecured dolly fell and struck him (see Outar v City of New York, 286 AD2d 671 [2001]). As a result of the accident, he sustained severe injuries to his spinal cord such that he is permanently and totally disabled, and suffers from chronic and disabling pain.

The jury's verdict awarding damages for future lost wages, future lost Social Security benefits and future lost pension benefits does not deviate materially from what would be reasonable compensation (see CPLR 5501 [c]; Monaco v Canty, 238 AD2d 486 [1997]; cf. Driscoll v New York City Tr. Auth., 262 AD2d 271 [1999]). However, the jury erroneously failed to make certain deductions in accordance with the expert testimony presented at trial. Therefore, a sum totaling $640,050 must be deducted from the award for these damages. The jury also made a separate award of $10,101 for past lost Social Security benefits; however, this was duplicative of amounts already included in the jury's award for past lost wages (see Eccleston v New York City Health & Hosps. Corp., 266 AD2d 426, 428 [1999]).

The defendant's remaining contentions either are unpreserved for appellate review or without merit. Smith, J.P., Adams, Crane and Lifson, JJ., concur.