■ Kun Sik Kim, Respondent-Appellant, v State Street Hospitality, LLC, et al., Appellants-Respondents. [994 NYS2d 617]—

In an action to recover damages for personal injuries, (1) the defendants appeal from (a) so much of an order of the Supreme Court, Queens County (Flug, J.), dated June 14, 2012, as, upon a jury verdict on the issue of damages, in effect, denied that branch of their motion pursuant to CPLR 4404 (a) which was to set aside the verdict in its entirety and for a new trial, and (b) a judgment of the same court entered September 19, 2012, which, upon the order, inter alia, granting those branches of their motion pursuant to CPLR 4404 (a) which were to set aside, as excessive, the damages awarded for past and future pain and suffering, future physical therapy expenses, and future medical expenses to the extent of reducing the award of damages for past pain and suffering from the principal sum of $500,000 to the principal sum of $250,000, for future pain and suffering from the principal sum of $700,000 to the principal sum of $75,000, for future physical therapy expenses from the principal sum of $294,000 to the principal sum of $100,000, and for future medical expenses from the principal sum of $345,000 to the principal sum of $250,000, is in favor of the plaintiff and against them in the principal sums of $83,214.52 for past medical expenses, $250,000 for past pain and suffering, $75,000 for future pain and suffering, $100,000 for future physical therapy expenses, and $250,000 for future medical expenses, and (2) the plaintiff cross-appeals (a), as limited by his brief, from so much of the order as granted those branches of the defendants' motion pursuant to CPLR 4404 (a) which were to set aside, as excessive, the damages awarded as to past and future pain and suffering, future physical therapy expenses, and future medical expenses to the extent of reducing the award of damages for past pain and suffering from the principal sum of $500,000 to the principal sum of $250,000, for future pain and suffering

from the principal sum of $700,000 to the principal sum of $75,000, for future physical therapy expenses from the principal sum of $294,000 to the principal sum of $100,000, and for future medical expenses from the principal sum of $345,000 to the principal sum of $250,000, and (b), as limited by his brief, from so much of the judgment as awarded him the principal sums of only $250,000 for past pain and suffering, $75,000 for future pain and suffering, $100,000 for future physical therapy expenses, and $250,000 for future medical expenses.

Ordered that the appeal and the cross appeal from the order dated June 14, 2012, are dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is modified, on the law, on the facts, and in the exercise of discretion, by deleting the provisions thereof awarding damages for past and future pain and suffering, future medical expenses, and future physical therapy expenses; as so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for a new trial on the issue of damages for past and future pain and suffering, future medical expenses, and future physical therapy expenses only, unless, within 30 days after service upon the plaintiff of a copy of this decision and order, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Queens County, a written stipulation consenting to reduce the award of damages for past pain and suffering from the principal sum of $500,000 to the principal sum of $250,000, for future pain and suffering from the principal sum of $700,000 to the principal sum of $300,000, for future medical expenses from the principal sum of $345,000 to the principal sum of $9,100, and for future physical therapy expenses from the principal sum of $294,000 to the principal sum of $100,000, and to the entry of an appropriate amended judgment accordingly; in the event that the plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements.

The appeal and cross appeal from the intermediate order must be dismissed because the right of appeal and cross appeal therefrom terminated with the entry of the judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal and cross appeal from the order are brought up for review and have been considered on the appeal and cross appeal from the judgment (*see* CPLR 5501 [a] [1]).

Contrary to the defendants' contention, the Supreme Court properly, in effect, denied that branch of their motion pursuant to CPLR 4404 (a) which was to set aside the verdict in its en-

tirety as contrary to the weight of the evidence. "A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence" (*DiGiacomo v County of Westchester*, 112 AD3d 779, 779-780 [2013]; *see Lolik v Big v Supermarkets*, 86 NY2d 744 [1995]; *Cohen v Hallmark Cards*, 45 NY2d 493 [1978]; *Nicastro v Park*, 113 AD2d 129 [1985]). "It is within the province of the jury to determine issues of credibility, and great deference is accorded to the jury given its opportunity to see and hear the witnesses" (*Pelletier v Lahm*, 111 AD3d 807, 808 [2013]). Here, a fair interpretation of the evidence supports the jury's finding that the plaintiff sustained various injuries.

However, the verdict as to the award for future medical expenses was, in part, based on speculative testimony, since the plaintiff's experts failed to indicate with any degree of certainty that the plaintiff would require future surgery (*see Stylianou v Calabrese*, 297 AD2d 798, 799 [2002]; *Placakis v City of New York*, 289 AD2d 551, 553 [2001]). Thus, the award for future medical expenses should be reduced to the sum of $9,100, representing the total estimated cost of future doctor visits, which the plaintiff's neurologist testified the plaintiff would incur in the future as a result of his injuries (*see Sanvenero v Cleary*, 225 AD2d 755, 756 [1996]).

In addition, the award for future pain and suffering, as reduced by the Supreme Court, was inadequate to the extent indicated herein. However, the awards for past pain and suffering and future physical therapy expenses, as reduced by the Supreme Court, did not deviate materially from what would be reasonable compensation (*see* CPLR 5501 [c]).

Moreover, it was procedurally improper for the Supreme Court to reduce the damage awards for past and future pain and suffering, future medical expenses, and future physical therapy expenses without giving the plaintiff an opportunity to stipulate to a reduction or elect a new trial in the alternative (*see Zukowski v Gokhberg*, 31 AD3d 633, 634 [2006]). Therefore, the judgment has been modified accordingly.

The parties' remaining contentions are either not properly before this Court or without merit. Mastro, J.P., Skelos, Cohen and LaSalle, JJ., concur.