Nieva-Silvera v Katz (2021 NY Slip Op 04144)





Nieva-Silvera v Katz


2021 NY Slip Op 04144


Decided on June 30, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 30, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2019-13933
 (Index No. 708337/17)

[*1]Diego Sebastian Nieva-Silvera, appellant,
v
Mathew Katz, et al., respondents.


Elefterakis, Elefterakis & Panek (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Jillian Rosen], of counsel), for appellant.
Rivkin Radler LLP, Uniondale, NY (Cheryl F. Korman and Merril S. Biscone of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Joseph J. Esposito, J.), entered November 15, 2019. The order, insofar as appealed from, granted that branch of the defendants' motion which was pursuant to CPLR 4404(a) to set aside, as excessive, a jury verdict on the issue of damages to the extent of reducing the award of damages for past pain and suffering from the principal sum of $5,000,000 to the principal sum of $625,000, for future pain and suffering from the principal sum of $36,000,000 to the principal sum of $1,000,000, and for future medical expenses from the principal sum of $5,000,000 to the principal sum of $680,000.
ORDERED that the order is modified, on the law and the facts, by deleting the provisions thereof reducing the verdict as to damages for past pain and suffering, future pain and suffering, and future medical expenses and substituting therefor a provision granting a new trial on the issue of those damages, unless within 30 days after service upon the plaintiff of a copy of this decision and order, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Queens County, a written stipulation consenting to reduce the amount of damages for past pain and suffering from the principal sum of $5,000,000 to the principal sum of $750,000, for future pain and suffering from the principal sum of $36,000,000 to the principal sum of $1,500,000, and for future
medical expenses from the principal sum of $5,000,000 to the principal sum of $680,000; as so modified the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff commenced this action to recover damages for personal injuries allegedly resulting from a motor vehicle accident. At a trial on damages, the plaintiff's medical experts testified that he suffered a herniated disc at C6-C7, and tears of the medial and lateral meniscus, and a partial tear of the lateral collateral ligament in his left knee. The plaintiff underwent spinal fusion surgery to address the herniated disc, which was successful in lowering the intensity of his pain and other symptoms, but will likely require another fusion surgery at C5-C6 within his lifetime. The plaintiff also underwent arthroscopic surgery on his left knee that improved his condition, but will cause him to develop arthritis, which in turn will require knee replacement surgery. The plaintiff testified that, prior to the surgeries, he was in such pain that he could not sleep, shower, or tie his shoes. The plaintiff also testified that despite his surgeries he was unable to perform many of his usual activities, such as playing soccer, cooking, or dancing, because he is [*2]unable to stand for long periods of time, lift things, or move like he did before the accident. At the conclusion of trial, the jury rendered a verdict in favor of the plaintiff and against the defendants in the principal sums of $5,000,000 for past pain and suffering, $36,000,000 for future pain and suffering over a period of 41 years, and $5,000,000 for future medical expenses, among other things.
The defendants moved, inter alia, pursuant to CPLR 4404(a) to set aside those damages awards as contrary to the weight of the evidence, arguing that they were excessive and deviated materially from what would be considered reasonable compensation. The Supreme Court, among other things, granted that branch of the defendants' motion to the extent of reducing the award for past pain and suffering to the principal sum of $625,000, the award for future pain and suffering to the principal sum of $1,000,000, and the award for future medical expenses to the principal sum of $680,000. The plaintiff appeals.
"'The amount of damages to be awarded to a plaintiff for personal injuries is a question for the jury, and its determination will not be disturbed unless the award deviates materially from what would be reasonable compensation'" (Cano v Mid-Valley Oil Co., Inc., 151 AD3d 685, 691, quoting Halsey v New York City Tr. Auth., 114 AD3d 726, 727). "'The reasonableness of compensation must be measured against relevant precedent of comparable cases'" (Halsey v New York City Tr. Auth., 114 AD3d at 727, quoting Kayes v Liberati, 104 AD3d 739, 741). "Prior damages awards in cases involving similar injuries are not binding upon the courts but serve to 'guide and enlighten' them in determining whether a verdict constitutes reasonable compensation" (Kusulas v Saco, 134 AD3d 772, 774, quoting Taveras v Vega, 119 AD3d 853, 854). "Consideration also is given to other factors, such as the nature and extent of the injuries" (Arcos v Bar-Zvi, 185 AD3d 882, 883). Here, considering the nature and the extent of the plaintiff's injuries, the damages awarded to the plaintiff for past and future pain and suffering, as reduced by the Supreme Court, was inadequate to the extent indicated herein (see Tarpley v New York City Tr Auth., 177 AD3d 929, 929-932; Kayes v Liberati, 104 AD3d at 741; Gullapa v Key Fat Corp., 98 AD3d 650, 650-651).
However, the damages awarded to the plaintiff for future medical expenses, as reduced by the Supreme Court, did not deviate materially from what would be reasonable compensation. "'Awards of damages for past and future medical expenses must be supported by competent evidence which establishes the need for, and the cost of, medical care'" (Starkman v City of Long Beach, 148 AD3d 1070, 1072, quoting Pilgrim v Wilson Flat, Inc., 110 AD3d 973, 974). Here, the plaintiff identifies no support in the record for his proposed award of $1,250,000 for future medical expenses. To the contrary, the reduced award reflected the competent evidence presented at trial establishing the need for and the cost of the plaintiff's future medical care.
Moreover, it was procedurally improper for the Supreme Court to reduce the award of damages for past pain and suffering, future pain and suffering, and future medical expenses without granting a new trial on those issues unless the plaintiff stipulated to reduce the verdict (see CPLR 4404[a]; Kun Sik Kim v State Street Hospitality, LLC, 121 AD3d 760, 762; Zukowski v Gokhberg, 31 AD3d 633, 634). Therefore, the order has been modified accordingly.
LASALLE, P.J., DILLON, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court