Vitenko v City of New York (2022 NY Slip Op 06515)

Vitenko v City of New York

2022 NY Slip Op 06515

Decided on November 16, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
JOSEPH J. MALTESE
LARA J. GENOVESI, JJ.

2018-11032
 (Index No. 150426/13)

[*1]Malvina Vitenko, etc., appellant-respondent, 
v
City of New York, et al., respondents-appellants.

Alonso Krangle LLP (Andres F. Alonso and Mischel & Horn, P.C., New York, NY [Scott T. Horn and Lauren E. Bryant], of counsel), for appellant-respondent.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Fay Ng, Lorenzo Di Silvio, and Claude S. Platton of counsel), for respondents-appellants.

DECISION & ORDER
In an action, inter alia, to recover damages for negligence and wrongful death, the plaintiff appeals, and the defendants cross-appeal, from a judgment of the Supreme Court, Richmond County (Orlando Marrazzo, Jr., J.), dated July 6, 2018. The judgment, insofar as appealed from, upon a jury verdict on the issue of liability finding the defendants 70% at fault in the happening of the accident and the plaintiff's decedent 30% at fault, upon a jury verdict on the issue of damages finding that the plaintiff sustained damages, inter alia, in the principal sums of $440,000 for past pecuniary loss and $1,050,000 for future pecuniary loss for a period of 15 years, and upon an order of the same court (Phillip G. Minardo, J.) dated November 6, 2017, inter alia, granting that branch of the defendants' motion pursuant to CPLR 4404(a) which was to set aside, as excessive, so much of the jury verdict on the issue of damages as found that the plaintiff sustained damages for past pecuniary loss and future pecuniary loss to the extent of reducing the award of damages for past pecuniary loss from the principal sum of $440,000 to the principal sum of $308,000, and reducing the award of damages for future pecuniary loss from the principal sum of $1,050,000 for a period of 15 years to the principal sum of $210,000 for a period of 3 years, is in favor of the plaintiff and against the defendants in the principal sum of only $390,600. The judgment, insofar as cross-appealed from, upon the jury verdicts on the issues of liability and damages, and upon the order, inter alia, denying that branch of the defendants' motion pursuant to CPLR 4404(a) which was to set aside the jury verdict on the issue of liability and for judgment as a matter of law, is in favor of the plaintiff and against the defendants in the principal sum of $390,600.
ORDERED that the judgment is modified, on the facts and in the exercise of discretion, by deleting the provisions thereof awarding damages for past pecuniary loss and future pecuniary loss; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Richmond County, for a new trial on the issue of damages for past pecuniary loss and future pecuniary loss, and for the entry of an appropriate amended judgment thereafter, unless within 30 days after service upon the plaintiff of a copy of this decision and order with notice of entry, the plaintiff serves and files in the office of the Clerk of the Supreme Court, Richmond County, a written stipulation consenting to reduce the verdict as to damages for past pecuniary loss from the principal sum of $440,000 to the principal sum of $308,000 and for future pecuniary loss from the principal sum of $1,050,000 to the [*2]principal sum of $400,000, and to the entry of an appropriate amended judgment accordingly; in the event the plaintiff so stipulates, then the judgment, as so amended, is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
On July 13, 2011, the plaintiff's 21-year-old son, Bohdan Vitenko, drowned while swimming in a pool owned and operated by the defendant New York City Department of Parks and Recreation. Bohdan and a friend, Jonathan Proce, were exercising by swimming under water for extended periods of time. The pool was 3½ feet deep around the edges and 5 feet deep in the middle. Bohdan and Proce both succumbed to a phenomenon known as shallow water blackout, which occurs if a swimmer repeatedly hyperventilates and then holds his or her breath. The plaintiff commenced this action, inter alia, to recover damages for negligence and wrongful death.
Following a jury trial on the issue of liability, the jury found that the defendants were negligent in not providing training to lifeguards with regard to shallow water blackout, that the defendants were negligent in failing to assign an adequate number of lifeguards on the day of the accident, and that the lifeguards were negligent on the day of the accident. The jury found the defendants 70% at fault in the happening of the accident and Bohdan 30% at fault. Following a trial on the issue of damages, the jury found that the plaintiff sustained damages in the principal sums of $440,000 for past pecuniary loss, $1,050,000 for future pecuniary loss for a period of 15 years, and $40,000 for funeral expenses.
The defendants moved pursuant to CPLR 4404(a), inter alia, to set aside the jury verdict on the issue of liability and for judgment as a matter of law or, in the alternative, to set aside, as excessive, so much of the jury verdict on the issue of damages as found that the plaintiff sustained damages for past pecuniary loss and future pecuniary loss. In an order dated November 6, 2017, the Supreme Court, inter alia, denied that branch of the defendants' motion which was to set aside the jury verdict on the issue of liability and for judgment as a matter of law, and granted that branch of the motion which was to set aside, as excessive, so much of the jury verdict on the issue of damages as found that the plaintiff sustained damages for past pecuniary loss and future pecuniary loss to the extent of reducing the award of damages for past pecuniary loss from the principal sum of $440,000 to the principal sum of $308,000, and reducing the award of damages for future pecuniary loss from the principal sum of $1,050,000 for a period of 15 years to the principal sum of $210,000 for a period of 3 years. A judgment was thereafter issued awarding the plaintiff the principal sum of $390,600, which reflected the reduced damages awards and the jury's apportionment of fault. The plaintiff appeals, and the defendants cross-appeal.
Contrary to the defendants' contention, the Supreme Court properly denied that branch of their motion pursuant to CPLR 4404(a) which was to set aside the jury verdict on the issue of liability and for judgment as a matter of law. "A motion pursuant to CPLR 4404(a) to set aside a jury verdict and for judgment as a matter of law will be granted where there is no valid line of reasoning and permissible inferences which could possibly lead rational persons to the conclusions reached by the jury on the basis of the evidence presented at trial" (Barril v McClure, 163 AD3d 752, 752-753 [internal quotation marks omitted]; see Cohen v Hallmark Cards, 45 NY2d 493, 499; Glynn v Altobelli, 181 AD3d 567, 569). Here, the plaintiff established that there were not enough lifeguards on duty on the morning of the accident, the lifeguards were not trained with regard to shallow water blackout, and one of the two lifeguards who was on duty was not on the pool deck, but was 40 meters away when the accident occurred. Based on this evidence, viewed in the light most favorable to the plaintiff (see Barril v McClure, 163 AD3d at 753), a valid line of reasoning and permissible inferences exist from which the jury could conclude that the defendants were negligent and that their negligence was a proximate cause of Bohdan's death.
Further, we reach the plaintiff's contention that the jury's apportionment of 30% fault to Bohdan was contrary to the weight of the evidence. This contention may be reviewed on appeal in the absence of a motion by the plaintiff pursuant to CPLR 4404(a) to set aside the jury's apportionment of fault as contrary to the weight of the evidence (see Evans v New York City Tr. Auth., 179 AD3d 105, 111). The jury's finding that Bohdan was 30% at fault in the happening of the accident was not contrary to the weight of the evidence.
Finally, while the 21-year-old Bohdan, who worked in the family business, lived with his parents, and cared for his younger sibling, was described as a wonderful, loving son who was especially helpful around the home, based on the record, the Supreme Court properly concluded that the jury awards for past pecuniary loss and future pecuniary loss were excessive. We find, however, that the amount of damages for future pecuniary loss should have been reduced only to the extent indicated above (see Donofrio v Montalbano, 240 AD2d 617, 619). Moreover, it was procedurally improper for the court to reduce the awards of damages for past pecuniary loss and future pecuniary loss without granting a new trial on those issues unless the plaintiff stipulated to reduce the verdict (see Nieva-Silvera v Katz, 195 AD3d 1035, 1038; Reilly v St. Charles Hosp. & Rehabilitation Ctr., 143 AD3d 692, 694).
The defendants' remaining contention is without merit.
DILLON, J.P., DUFFY, MALTESE and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court