**Burgess v Little Wolf Cabinet Shop, Inc.**

2025 NY Slip Op 32504(U)

July 14, 2025

Supreme Court, Kings County

Docket Number: Index No. 518211/2016

Judge: Wayne Saitta

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Term, Part 29 of the Supreme
Court of the State of New York, held in
and for the County of Kings, at the
Courthouse, at Civic Center, Brooklyn,
New York, on the 14th day of July 2025.

P R E S E N T :

HON. WAYNE SAITTA, Justice.

-----------------------------------------------------------------X

MITCHELL W. BURGESS,

Plaintiff

     - against -

LITTLE WOLF CABINET SHOP, INC.,
ERIC T. WILSON,

Defendants

-----------------------------------------------------------------X

DECISION & ORDER

Index No.: 518211/2016
Motion Sequence: 6 & 7

<u>The following papers read on this motion:</u>     NYSCEF Doc Nos.

| | |
|---|---|
| Notice of Motion/Order to Show Cause/ Petition/Affidavits (Affirmations) and Exhibits | 115-128 |
| Cross-motions Affidavits (Affirmations) and Exhibits | 130-139 |
| Answering Affidavit (Affirmation) | 150 |
| Reply Affidavit (Affirmation) | 152, 154 |
| Supplemental Affidavit (Affirmation) | |

Following a jury verdict in this personal injury action, both Defendants LITTLE

WOLF CABINET SHOP, INC. and ERIC T. WILSON, as well as Plaintiff MITCHELL W.

BURGESS ("BURGESS"), move to set aside the verdict pursuant to CPLR § 4404.

The underlying lawsuit stems from a motor vehicle accident that Plaintiff

BURGESS described as severe, causing immediate pain and numbness in his neck, left

[* 1]

shoulder, and lower back. Emergency responders had to use the 'jaws of life' to extract him from his vehicle, and he was transported by ambulance to Methodist Hospital.

BURGESS subsequently underwent medical treatment, initially consisting of physical therapy, chiropractic care, acupuncture, and epidural injections aimed at managing his ongoing pain. BURGESS testified that due to persistent symptoms including chronic neck pain, radiating numbness, muscle weakness, and reduced range of motion, he underwent cervical fusion surgery on June 23, 2016, which was performed by orthopedic surgeon Dr. Vadim Lerman. BURGESS testified that following the surgery he experienced prolonged pain, stiffness, limitations in his daily activities, and difficulties with basic tasks, including dressing himself and sleeping comfortably. He eventually returned to full-time employment, including physically roles.

At trial, BURGESS presented evidence of persistent and progressively worsening lumbar spine pain, for which Dr. Lerman recommended additional surgery. Dr. Lerman further testified that due to the spinal fusion surgery, BURGESS would likely need another cervical surgery within approximately 15 years. BURGESS testified that he continues to experience daily chronic pain and functional limitations related to his neck, shoulder, and lower back.

Following a trial before this Court, the jury awarded BURGESS $1,500,000 for past pain and suffering, $3,000,000 for future pain and suffering over a 29-year period, $0 for past medical expenses, and $500,000 for future medical expenses over a 29-year period.

Defendants now move pursuant to CPLR § 4404 to set aside the jury's verdict, arguing that the awards for past pain and suffering, and future pain and suffering

[* 2]

materially deviate from reasonable compensation, and that the award for future medical expenses is against the weight of the evidence.

Defendants contend the awards for pain and suffering exceed what comparable appellate cases have upheld for similar injuries and treatments, and they argue that portions of the jury's decision were speculative or unsupported by credible medical evidence.

In addition, Defendants request a collateral source hearing pursuant to CPLR § 4545(a), citing Plaintiff's trial testimony regarding recent employment and new health insurance benefits.

Plaintiff cross-moves pursuant to CPLR § 4404(a) to set aside the jury's zero-dollar award for past medical expenses. Plaintiff asserts that trial evidence, including testimony about medical treatments received after the accident and associated costs, justified compensation for past medical expenses. Plaintiff seeks a conditional additur or, alternatively, a new trial limited to the issue of past medical expenses.

Defendants oppose the cross-motion, arguing it is untimely and that the jury reasonably declined to award past medical expenses due to gaps in proof and credibility concerns raised at trial.

These motions require the Court to resolve five issues: (1) whether the $1.5 million award for past pain and suffering materially deviates from reasonable compensation; (2) whether the $3 million future pain and suffering award was similarly excessive or unsupported; (3) whether the $500,000 award for future medical expenses was speculative or lacked sufficient evidentiary support; and (4) whether the jury's decision to award $0 for past medical expenses was against the weight of credible evidence; and

3

[* 3]

(5) whether Defendants have presented a sufficient basis under CPLR § 4545(a) to warrant limited post-trial discovery and a potential collateral source hearing.

**Past Pain and Suffering**

The Court first considers whether the jury's award of $1.5 million for past pain and suffering materially deviates from reasonable compensation under CPLR § 5501(c).

In determining if an award materially deviates from reasonable compensation the Court looks to what awards have been previously upheld or reduced on appellate review and decide whether the instant award falls within those boundaries (*Donlon v City of New York,* 284 AD2d 13 [1st Dept 2001]; *Osiecki v. Olympic Regional Development Authority*, 256 AD2d 998 [3d Dept 1998]).

Plaintiff testified that on April 12, 2016, a box truck crossed into his lane and struck his vehicle, pushing it across multiple lanes and onto a sidewalk. Emergency responders used the 'jaws of life' to remove him from his SUV, and he was taken by ambulance to Methodist Hospital. He reported immediate and intense pain in his neck, left shoulder, and lower back, as well as numbness radiating down his arm. Initial treatment included physical therapy, chiropractic care, acupuncture, and injections, but when his symptoms persisted, he underwent cervical fusion surgery on June 23, 2016.

Plaintiff testified that after surgery he continued to experience chronic pain, stiffness, and limitations with everyday activities such as dressing, sleeping, and bending. Although these symptoms persisted through trial, Plaintiff returned to active work and did not undergo any additional procedures in the years following the accident.

Courts in the First and Second Departments have reduced past pain and suffering awards to around $1,000,000 in cases involving single-level cervical fusion surgeries,

[* 4]

even where plaintiffs reported ongoing symptoms. (*Masmalaj v New York City Economic Dev Corp,* 197 AD3d 1294 [2d Dept 2021]; *Dacaj v New York City Tr. Auth.,* 170 AD3d 561 (1st Dept 2019). *Dacaj v New York City Tr. Auth.,* 2017 N.Y. Slip Op. 30650(U)).

While *Masmalaj* involved both shoulder surgery and fusion surgery, the decision is also from 2021 and increases in medical costs since that decision must be factored in. *Perez v Liver Nation,* 2020 NY Slip Op 32419(U).

In *Dacaj* the Court reduced the verdict for past pain and suffering from $1,200,000 to 1,000,000.

In *Register v SAS Morrison LLC,* 189 AD3d 591 (1st Dept 2020), the court upheld an award of $1,000,000 for past pain and suffering where plaintiff underwent a spinal fusion surgery.

In *Nieva-Silvera v Katz,* 195 AD3d 1035 (2d Dept 2021), involving both cervical fusion and knee surgery, the award was reduced to $750,000.

While the above-mentioned cases are somewhat older, and involve injuries that differ from this case, they are comparable enough to serve as a guide to reasonable compensation.

Accordingly, the Court finds that the jury's award of $1,500,000 for past pain and suffering materially deviates from reasonable compensation and should be set aside unless Plaintiff stipulates to a reduced award of $1,000,000 for past pain and suffering.

**Future Pain and Suffering**

The Court next examines whether the jury's award of $3 million for future pain and suffering materially deviates from reasonable compensation under CPLR § 5501(c).

5

To determine reasonableness under the statute, courts compare awards in similar cases involving analogous injuries and prognoses.

In *Tarpley v New York City Tr. Auth.*, 177 AD3d 929 (2d Dept 2019), the court upheld a $2 million future pain and suffering award for a plaintiff who underwent cervical fusion surgery and continued to suffer chronic pain but returned to work.

In *Masmalaj v New York City Economic Dev. Corp.*, 197 AD3d 1294 (2d Dept 2021), a $1.5 million award for future pain and suffering was sustained where the plaintiff faced ongoing pain after cervical surgery but lacked clear evidence of further treatment.

In *Register v SAS Morrison LLC*, 189 AD3d 591 (1st Dept 2020), the court reduced a $6 million award to $2 million where the plaintiff, following lumbar fusion, established permanent limitations but did not present evidence justifying a higher award.

In *Pimenta v 1504 CIA LLC,* 199 AD3d 490 (1st Dept 2021), the court reduced a future pain and suffering award to $2.25 million in a case where the plaintiff faced future surgeries and lifelong pain management.

Here, Plaintiff testified that he continues to experience daily neck and back pain, limited range of motion, and radiating numbness. Dr. Vadim Lerman, his treating orthopedic surgeon, testified that the cervical fusion caused permanent changes and that a second cervical surgery is needed within 15 years. Dr. Lerman also suggested that Plaintiff will likely require lumbar fusion surgery due to progressive degeneration in the lower spine.

However, Plaintiff returned to full-time work within five months of his cervical surgery. While he described discomfort in performing some activities, he did not testify to requiring assistance with daily living or suffering a loss of independence. There was no

6

evidence that additional surgery was imminent or that he had scheduled further treatment.

Considering the above-mentioned cases, this Court finds that the $3 million award exceeds the range of reasonable compensation. Based on the record, including Plaintiff's return to physical employment and lack of immediate surgical plans, the Court concludes that an award of $2.25 million is appropriate.

Accordingly, the jury's $3 million award for future pain and suffering materially deviates from reasonable compensation under CPLR § 5501(c) and must be set aside unless Plaintiff stipulates to the reduction to $2,250,000 .

**Future Medical Expenses**

The Court next considers whether the jury's $500,000 award for future medical expenses was against the weight of the evidence under CPLR § 4404(a).

A jury's verdict may be set aside where it "could not have been reached on any fair interpretation of the evidence" (*Lolik v Big V Supermarkets, Inc.*, 86 NY2d 744, at 746 [1995]; *Nicastro v Park*, 113 AD2d 129, at 134 [2d Dept 1985]).

To justify an award for future medical expenses, a plaintiff must present competent evidence establishing both the necessity of future care and a reasonable estimate of its cost (*Kelly v City of New York*, 134 AD3d 676, at 678 [2d Dept 2015]; *Nieva-Silvera v Katz*, 195 AD3d 1035 [2d Dept 2021]).

In *Nieva-Silvera*, the plaintiff underwent cervical and knee surgeries and introduced medical testimony projecting the need for additional spinal and knee operations. However, the Second Department found that the $5 million jury award for

[* 7]

future medical costs lacked record support and upheld a reduction to $680,000 based on competent testimony of actual anticipated expenses.

Here, Plaintiff's orthopedic surgeon, Dr. Vadim Lerman, testified that BURGESS will likely require a second cervical spine surgery due to the long-term effects of his 2016 fusion. Dr. Lerman estimated that future fusion surgery including hospital, surgeons, equipment would cost between $70,000 to $100,000.

Although he testified to the need for a future lumbar fusion, he did not indicate a timeframe or provide any estimate of cost. No additional testimony was offered to quantify the price of medications, physical therapy, routine follow-up, or other forms of treatment. There was no testimony from a life care planner, no report from an economist, and no documentation substantiating broader costs.

Despite this limited evidentiary basis, the jury awarded $500,000 in future medical expenses, an amount nearly three times the upper range of Dr. Lerman's single cost estimate and more than what Plaintiff's counsel requested in summation.

Awards for future medical costs must be proven with adequate specificity and grounded in trial evidence, not speculation. (*Kelly v City of New York*, 134 AD3d 676, at 678 [2d Dept 2015]; *Nieva-Silvera v Katz*, 195 AD3d 1035 [2d Dept 2021]).

The only concrete evidence in the record was Dr. Lerman's estimate for a single surgery. The balance of the award appears disconnected from any testimony or exhibit admitted at trial.

Accordingly, the Court finds that the jury's award for future medical expenses was not supported by the evidence, and the award must be set aside unless Plaintiff stipulates to the reduction to $100,000.

8

**Past Medical Expenses**

The fourth issue is whether the jury's award of $0 for past medical expenses was against the weight of the evidence under CPLR § 4404(a).

To recover for past medical expenses, a plaintiff must establish through competent evidence that they either paid those expenses or remain legally obligated to pay them. Where a plaintiff fails to meet that burden, a jury may reasonably award no damages (see *Small v Yonkers Contracting, Inc.*, 256 AD2d 326 [2d Dept 1998]).

In *Small*, the court upheld a jury's award of $0 for past medical expenses where the plaintiff presented bills but did not prove that he had paid them or was responsible for payment. The court found that absent such proof, the jury was entitled to conclude the plaintiff had not sustained compensable economic loss.

In *Starkman v City of Long Beach*, 148 AD3d 1070 (2d Dept 2017), the court affirmed a reduced award for past medical expenses and explained that the claimed amounts were not supported by medical testimony and were otherwise speculative. While *Starkman* involved a reduction rather than a complete denial, it supports the general rule that courts will not disturb jury findings where the damages are unproven or inadequately supported.

Similarly, in *Quijano v American Transit Ins. Co.*, 155 AD3d 981 (2d Dept 2017), the court held that awards for past medical expenses must rest on competent testimony that explicitly links the medical costs incurred to the accident and establishes the plaintiff's responsibility to pay. Where such evidence is lacking or insufficient, juries are justified in awarding no damages.

Here, Plaintiff introduced over 190 pages of medical billing records from several providers but failed to present testimony to the jury from any medical billing expert or

9

[* 9]

treating provider explaining the charges, confirming their connection to the accident, or establishing that Plaintiff remained liable. Dr. Lerman, the only expert to testify, admitted he did not know whether he had been paid and offered no evidence on the Plaintiff's financial responsibility. Plaintiff himself testified that he never paid any of the bills and owed no money.

The jury was not required to search through the voluminous exhibits without guidance or explanation. Further, as in *Small*, Plaintiff's failure to demonstrate an obligation to pay past medical expenses supports the jury's verdict.

Accordingly, the Court finds that the jury's award of $0 for past medical expenses is not against the weight of the evidence and denies Plaintiff's cross-motion.

**Collateral Source Hearing**

The issue before the Court is whether Defendants are entitled to a collateral source hearing pursuant to CPLR § 4545(a), and whether limited post-trial discovery should be permitted to assess the nature, timing, and scope of Plaintiff's current insurance coverage considering his recent employment.

Since the jury awarded no damages for past medical expenses, any collateral source hearing would deal only with collateral sources for future medical expenses.

Under CPLR § 4545(a), a defendant is entitled to have the Court reduce an award for economic damages in a personal injury action where it establishes, with reasonable certainty, that such losses will be indemnified or reimbursed by a collateral source, including health insurance or no-fault benefits.

To obtain a hearing, a defendant need not prove entitlement to an offset but must present "some competent evidence from available sources" suggesting the existence of

10

collateral source coverage applicable to the damages awarded (*Firmes v Chase Manhattan Auto. Fin. Corp.*, 50 AD3d 18, at 29 [2d Dept 2008]). At the hearing itself, a higher burden applies: the defendant must demonstrate with "reasonable certainty" that the collateral source will cover specific categories of economic loss awarded by the jury (*Kihl v Pfeffer*, 47 AD3d 154, at 157 [2d Dept 2007]).

Defendants argue that Plaintiff's records indicate that he now receives health insurance through United Healthcare as a result of new employment. The mere mention of United Healthcare in Plaintiff's medical records is not itself a sufficient basis for a collateral source hearing as to future medical expenses.

However, because Plaintiff current employment appears to have commenced only after the close of discovery, the Court finds that Defendants should be allowed limited post-trial discovery. Defendants are entitled to obtain information regarding any current health insurance Plaintiff is receiving from his job, including what premiums and out-of-pocket expenses are associated with the coverage.

Accordingly, the Court directs Plaintiff to provide Defendants with documentation of any health insurance coverage he currently has through his employer as well as any authorizations necessary to obtain any policies or coverage information from such insurer. After completion of this limited discovery Defendants may renew their application for a collateral source hearing.

WHEREFORE, it is hereby ORDERED that the jury's award of $1,500,000 for past pain and suffering is set aside, and a new trial is ordered on that issue unless Plaintiff stipulates to a reduced award in the amount of $1,000,000within 60 days of service of this Decision and Order; and it is further,

11

ORDERED that the jury's award of $3,000,000 for future pain and suffering is set aside, and a new trial is ordered on that issue unless Plaintiff stipulates to a reduced award in the amount of $2,250,000 within 60 days of service of this Decision and Order; and it is further,

ORDERED that the jury's award of $500,000 for future medical expenses is set aside, and a new trial is ordered on that issue unless Plaintiff stipulates to a reduced award in the amount of $100,000 within 60 days of service of this Decision and Order; and it is further,

ORDERED that Plaintiff's cross-motion to set aside the jury's award of $0 for past medical expenses is Denied; and it is further,

ORDERED that Plaintiff shall provide Defendants with documentation of any health insurance coverage he currently has through his employer, as well as any authorizations necessary to obtain any policies or coverage information from such insurer; and it is further,

ORDERED that that portion of Defendant's motion for a collateral source hearing is Denied with leave to renew after completion of the aforementioned limited discovery.

This constitutes the Decision and Order of the Court.

E N T E R:

_____

JSC

12

[* 12]