■ GEORGE KHULAQI, Respondent, v SEA-LAND SERVICES, INC., Appellant.—In an action to recover damages for personal injuries pursuant to the Merchant Marine Act of 1920 § 33 (46 USC § 688), the defendant appeals from a judgment of the Supreme Court, Kings County (Garry, J.), dated May 14, 1990, which, upon a jury verdict, and upon an order denying its motion to set aside the verdict, is in favor of the plaintiff in the principal sum of $821,826.10 ($498,717.70 representing the present value of the projected future loss of earnings in the sum total of $610,000, and $323,108.40 representing damages for past pain and suffering, the present value of projected future pain and suffering, past loss of earnings and medical expenses).

Ordered that the judgment is modified, on the facts and as a matter of discretion, by reducing the principal sum awarded to the plaintiff to $323,108.40, representing damages for past pain and suffering, the present value of projected future pain and suffering, past loss of earnings, and medical expenses, and by adding thereto a provision severing the plaintiff's claim for future loss of earnings and granting a new trial with respect thereto unless the plaintiff shall file in the Office of the Clerk of the Supreme Court, Kings County, a stipulation consenting to decrease the total amount of projected future loss of earnings to the sum of $305,000, and further consenting to decrease the present value of such projected future loss of earnings by application of a yearly discount rate of 2% in accordance with the parties' stipulation, and further consenting to the entry of an amended judgment accordingly; as so modified, the judgment is affirmed, without costs or disbursements; and it is further,

Ordered that the plaintiff's time to serve and file the stipulation is extended until 20 days after service upon him of a copy of this decision and order, with notice of entry; and it is further,

Ordered that in the event the plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements.

The plaintiff, a seaman, was injured on board the defen-

dant's ship on September 5, 1986. The jury found that the defendant was liable for the plaintiff's injuries.

During the course of the trial, the plaintiff's attorney informed the court that, in light of his client's age (55 years), it would be "reasonable" to expect that his "work expectancy" would be 10 years. With respect to the age at which the plaintiff would retire, counsel stated, "I'll accept the [age] 65 your Honor. It's a reasonable figure". In its charge, the court instructed the jury that the "work expectancy tables", which the jury was not required to accept, provided that the plaintiff had an average "work expectancy" of 10 years.

The jury returned a verdict in which they found that the plaintiff had a work expectancy of 20 years. The jury found that the plaintiff's total loss of earnings during this period would amount to $610,000. The court applied a yearly discount rate of 2% in accordance with a stipulation recited in the judgment, and reduced the present value of this award to $498,717.70.

We conclude that the jury's determination that the plaintiff had a work expectancy of 20 years is against the weight of the evidence. The jury's verdict, to the extent it is premised on the conclusion that the plaintiff would have worked until the age of 75, obviously contradicts the statistical averages. The evidence relating to the plaintiff's pre-accident physical condition, his intentions concerning eventual retirement, the employment prospects of persons in his profession in general, and the other evidence, was simply insufficient, as a matter of fact, to justify the jury's verdict with respect to the plaintiff's work expectancy. We therefore modify the judgment in an exercise of our factual and discretionary review powers (see, CPLR 4404 [a]; Cohen v Hallmark Cards, 45 NY2d 493, 498-499; Nicastro v Park, 113 AD2d 129, 132-133).

We have examined the appellant's remaining contentions and find them to be without merit. Bracken, J. P., Sullivan, Harwood and Pizzuto, JJ., concur.