■ JUNIE CHERISOL, Appellant, v EPHRAIM RESNIK, Respondent. [924 NYS2d 847]—

In an action to recover damages for medical malpractice, the plaintiff appeals from a judgment of the Supreme Court, Rockland County (Garvey, J.), entered June 9, 2010, which, upon a jury verdict, and upon an order of the same court dated July 1, 2010, denying her motion pursuant to CPLR 4404 (a) to set aside the verdict as contrary to the weight of the evidence, for a new trial, and to impose sanctions against defense counsel, is in favor of the defendant and against her, in effect, dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiff commenced this action to recover damages for medical malpractice against her gynecology oncologist surgeon, the defendant, Ephraim Resnik, alleging, among other things, that Dr. Resnik departed from good and accepted medical practice by severing her ureters during her laparoscopic hysterectomy surgery. Following a jury verdict in favor of the defendant on the issue of liability, the plaintiff moved, inter alia, to set aside the verdict as contrary to the weight of the evidence, for a new trial, and to impose sanctions on defense counsel for allegedly improper remarks. The Supreme Court denied the motion and entered a judgment in favor of the defendant and against the plaintiff, in effect, dismissing the complaint. We affirm.

A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict on any fair interpretation of the evidence (*see Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]; *Nicastro v Park*, 113 AD2d 129, 133-134 [1985]). Here, the jury's determination that Dr. Resnik did not depart from good and accepted medical practice by severing the plaintiff's ureters during her laparo-

scopic hysterectomy was based upon a fair interpretation of the evidence presented at trial and, thus, should not be disturbed (*see Walter v Matano*, 81 AD3d 636 [2011]).

The plaintiff's contentions concerning allegedly improper comments made during the defense summation are without merit. The defense remarks during summation either were fair comment on the evidence or permissive rhetorical comment (*see Bennett v Wolf*, 40 AD3d 274 [2007]; *Zapata v Dagostino*, 265 AD2d 324, 326 [1999]).

The plaintiff's remaining contentions are without merit. Covello, J.P., Chambers, Lott and Miller, JJ., concur.