■ VERNON HENRY et al., Respondents, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants. [939 NYS2d 336]—

The award for future lost earnings must be reduced, as indicated above, to conform to the evidence.

The admission of plaintiff's dental testimony as to causation was proper. While the dentist did not render his opinion with "a

reasonable degree of medical certainty," causation was established by his testimony, when considered in its entirety, and plaintiff's history of first noticing the loose teeth in the hospital following the accident (see Matott v Ward, 48 NY2d 455, 460 [1979]). The weight to be accorded to conflicting expert testimony was within the province of the jury (see Torricelli v Pisacano, 9 AD3d 291, 293 [2004], lv denied 3 NY3d 612 [2004]).

Plaintiff sustained multiple injuries in a fall from a mechanical scaffold to the ground, including fractures to the left superior and inferior pubic rami, sacrum, ilium, three ribs and left radial neck, and the loss of nine teeth. While these injuries required plaintiff to be hospitalized for five days and plaintiff was unable to return to work for 19 months, he did not require surgery and, aside from his pelvic fractures, which continued to cause pain and make it difficult for plaintiff to walk, plaintiff's injuries had healed well, and plaintiff had returned to his job as an electrician without restriction. Accordingly, we find that, based on a review of cases involving similar injuries, the award for future pain and suffering deviated materially from what would be reasonable compensation and we reduce it accordingly (compare DeVirgilio v Feller Precision Stage Lifts, Inc., 47 AD3d 522 [2008], lv denied 10 NY3d 709 [2008]; Brzozowy v ELRAC, Inc., 39 AD3d 451 [2007]; Purcell v Axelsen, 286 AD2d 379 [2001]; Lind v City of New York, 270 AD2d 315 [2000]). Concur—Saxe, J.P., Friedman, Catterson, Freedman and Manzanet-Daniels, JJ.