Judgment, Supreme Court, Bronx County (Howard H. Sherman, J), entered May 1, 2013, after separate jury trials on liability and damages, awarding plaintiff damages as against defendant Bobby Wong in the amount of $63,000 for past pain and suffering, $200,000 for future pain and suffering for 20 years, and $63,000 for past medical expenses, unanimously affirmed, without costs.
On August 14, 2007, defendants Hector Pimentel and Bobby Wong were involved in a motor vehicle accident at an intersection controlled by a traffic light. After the collision, Wong’s vehicle continued across the intersection, jumped the curb and entered the store where plaintiff Nicola Newark was shopping, causing debris to fall on top of her. Pimentel commenced a separate personal injury action against Wong and his action was jointly tried with that of plaintiff.
The trial court did not abuse its discretion in allowing Pimentel’s interests as a plaintiff in his own action and as a defendant in this action to be represented by separate attorneys (see CPLR 4011; Chemprene, Inc. v X-Tyal Intl. Corp., 55 NY2d 900 [1982]). The court promised to and did exert control over the nature of the dual representation, as necessary, and Pimentel’s defense counsel, whose opening statement, summation, and questioning of witnesses were brief, played a limited role. In any event, in the absence of any evidence of an unfair advantage or prejudice, any error would be harmless.
The challenged evidentiary rulings were proper exercises of the court’s discretion and broad authority to control the courtroom (see Campbell v Rogers & Wells, 218 AD2d 576 [1st Dept 1995]). Pimentel testified that he observed Wong’s vehicle a few seconds before the accident, during which time Pimentel was able to take evasive maneuvers and fully stop his vehicle, which had been traveling 20 to 25 miles per hour. This testimony, which was subject to cross-examination, provided a *582 nonconclusory basis for Pimentel’s estimation of Wong’s speed (cf. Batts v Page, 51 AD3d 833 [2d Dept 2008]).
The court did not commit reversible error in allowing Pimentel’s defense counsel to read under four pages of Wong’s deposition testimony into the record (see CPLR 3117 [a] [2]; Gonzalez v Medina, 69 AD2d 14 [1st Dept 1979]). Wong was free to read any other part of the deposition testimony which he thought, in fairness, should have been considered (CPLR 3117 [b]).
The court did not improvidently exercise its discretion in precluding Wong’s two proposed expert witnesses in the absence of any “good cause” shown for the failure to disclose these witnesses until the second day of the damages trial (see CPLR 3101 [d]; Hudson v Manhattan & Bronx Surface Tr. Operating Auth., 188 AD2d 355 [1st Dept 1992]). Plaintiffs counsel’s response of “No, not really,” in response to the court’s question as to whether she had any objection did not unequivocally relate to the proposed testimony and thus, does not constitute an express waiver of an objection thereto (cf. Picon v Moore, 15 AD3d 188 [1st Dept 2005]). Indeed, in refusing to interpret counsel’s response as a waiver, the court conceded that the phrasing of its question was unclear. The fact that, as a result of the preclusion of the defense experts, no additional doctors testified, contrary to the court’s earlier statement to the jury, did not warrant a mistrial. The absence of these doctors, who were not identified as defense witnesses, was explained as the court’s error.
The two challenged statements made during summation, which were met with sustained objections, were not unduly prejudicial and did not warrant a mistrial (see Pareja v City of New York, 49 AD3d 470 [1st Dept 2008]; cf. Valenzuela v City of New York, 59 AD3d 40 [1st Dept 2008]).
The jury’s finding that Pimental was negligent was not inconsistent with the finding that his negligence was not a substantial cause of the accident and could have been reached logically from the evidence (see Giraldo v Rossberg, 297 AD2d 534 [1st Dept 2002]). While the jury clearly credited Pimentel’s testimony as to the color of the traffic light, it could have found that he was nonetheless negligent in failing to observe Wong’s vehicle earlier and/or taking further measures to avoid the accident. Such a finding does not render Pimentel a substantial cause of the accident. This is especially so when considering testimony that, in addition to running a red light, Wong was also speeding through the intersection. The liability verdict was also not against the weight of the evidence (see Cohen v Hallmark Cards, 45 NY2d 493, 499 [1978]).
*583 Plaintiff established a causal connection between the accident and her injuries via her testimony as to the nature of her symptoms, the denial of prior symptomology, the fact that she immediately reported injury to the neck and back to health care providers, and the testimony of her treating physician (see Matott v Ward, 48 NY2d 455 [1979]; Henry v New York City Tr. Auth., 92 AD3d 460 [1st Dept 2012]).
The 28-year-old plaintiff sustained various soft tissue injuries in the subject accident, including two cervical herniations, a lumbar disc bulge, and severe headaches. At the time of trial, five and a half years later, plaintiffs condition, found by the jury to be permanent and significant, had improved, but she was still treating with a physician, receiving physical therapy, and taking prescription pain medication, and could not return to her former occupation. We find that the award did not deviate materially from what would be reasonable compensation.
Concur—Mazzarelli, J.E, Acosta, Andrias, Saxe and Clark, JJ.