■ Leslie Karen Lariviere et al., Respondents, v New York City Transit Authority et al., Appellants, et al., Defendants. [17 NYS3d 153]—

In an action to recover damages for personal injuries, etc., the defendants New York City Transit Authority and Eugene E. Matute appeal from an order of the Supreme Court, Kings

County (Baily-Schiffman, J.), dated July 3, 2013, which granted that branch of the plaintiffs' motion pursuant to CPLR 4404 which was to set aside a jury verdict on the issue of damages awarding the plaintiff Leslie Karen Lariviere the sums of $40,000 for past pain and suffering, $20,000 for future pain and suffering, $26,100 for past lost earnings, $16,000 for future lost earnings, and $50,000 for future medical expenses, and awarding the plaintiff David Lariviere the sums of $10,000 for past loss of services and $0 for future loss of services, and for a new trial on the issue of damages in the interest of justice on the ground that the plaintiffs were deprived of a fair trial.

Ordered that the order is reversed, on the facts and in the exercise of discretion, with costs, the plaintiffs' motion pursuant to CPLR 4404 which was to set aside the jury verdict and for a new trial on the issue of damages is denied, the verdict is reinstated, and the matter is remitted to the Supreme Court, Kings County, for the entry of an appropriate judgment.

Leslie Karen Lariviere (hereinafter the injured plaintiff) was injured when, while crossing a street in Brooklyn, she was struck by a bus owned by the defendant New York City Transit Authority and operated by the defendant Eugene E. Matute (hereinafter together the defendants). The injured plaintiff, and her husband suing derivatively, commenced this action against the defendants and were subsequently awarded summary judgment on the issue of liability (see *Lariviere v New York City Tr. Auth.*, 82 AD3d 1165 [2011]). At a trial on the issue of damages, the jury found that the injured plaintiff had sustained a "serious injury" within the meaning of Insurance Law § 5102 (d), specifically, a "medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment" (Insurance Law § 5102 [d]). The jury rejected the plaintiffs' contention that the defendants' negligence had inflicted a traumatic brain injury resulting in a "permanent consequential limitation of use of a body organ or member" (*id.*). The jury awarded damages to the plaintiffs.

The plaintiffs moved to set aside the verdict pursuant to CPLR 4404 (a): (1) in the interest of justice, contending that defense counsel's improper and inflammatory remarks during summation deprived them of a fair trial; and (2) contending that the verdict as to damages was contrary to the weight of the evidence. The Supreme Court granted the motion on the first ground, and the defendants appeal.

Under CPLR 4404 (a), a trial court has the discretion to order a new trial "in the interest of justice" (CPLR 4404 [a]; *see Micallef v Miehle Co., Div. of Miehle-Goss Dexter*, 39 NY2d 376, 381 [1976]). In considering whether to exercise its discretionary power to order a new trial based on errors at trial, the court "must decide whether substantial justice has been done, whether it is likely that the verdict has been affected . . . and 'must look to [its] own common sense, experience and sense of fairness rather than to precedents in arriving at a decision' (4 Weinstein-Korn-Miller, NY Civ Prac, par 4404.11)" (*Micallef v Miehle Co., Div. of Miehle-Goss Dexter*, 39 NY2d at 381 [citations omitted]). On appeal, however, this Court is invested with the power to decide whether the trial court providently exercised its discretion (*see id.*).

Here, we conclude that the Supreme Court improvidently exercised its discretion in ordering a new trial. The plaintiffs' claims regarding defense counsel's conduct center on remarks made by defense counsel during her summation, although they also challenge her cross-examination of certain witnesses. Some of the challenged conduct was certainly improper, and we do not condone it (*see Cherisol v Resnik*, 85 AD3d 705, 706 [2011]). Nonetheless, viewing defense counsel's conduct in the context of the entire trial, we conclude that it was not pervasive or prejudicial, or so inflammatory as to deprive the plaintiffs of a fair trial (*see Coma v City of New York*, 97 AD3d 715, 716 [2012]; *Jun Suk Seo v Walsh*, 82 AD3d 710, 710 [2011]; *Bianco v Flushing Hosp. Med. Ctr.*, 79 AD3d 777, 779 [2010]; *cf. Grasso v Koslowe*, 38 AD3d 599, 599 [2007]).

After concluding that a new trial was warranted on the basis of defense counsel's conduct, the Supreme Court found it "impossible" to assess whether the damages award was contrary to the weight of the evidence, so it did not decide that branch of the plaintiffs' motion which was for a new trial on that basis. In this situation, and in the interest of judicial economy, we address that branch of the plaintiffs' motion in the first instance (*see Telsaint v City of New York*, 120 AD3d 794, 796 [2014]; *Cusumano v City of New York*, 104 AD3d 639, 641 [2013]).

A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (*see Lolik v Big V Supermarkets*, 86 NY2d 744, 745-746 [1995]; *Nicastro v Park*, 113 AD2d 129, 130 [1985]). Upon our review of the record, we conclude that the jury's damages award was based on a fair interpretation of the evidence and, thus, was not con-

trary to the weight of the evidence (see Smith v Bywise Holding, LLC, 106 AD3d 902, 903 [2013]; Handwerker v Dominick L. Cervi, Inc., 57 AD3d 615, 615-616 [2008]). Mastro, J.P., Balkin, Chambers and Maltese, JJ., concur.