Arcos v Bar-Zvi (2020 NY Slip Op 04139)





Arcos v Bar-Zvi


2020 NY Slip Op 04139


Decided on July 22, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 22, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2015-09881
 (Index No. 12911/12)

[*1]Cinthya Arcos, et al., respondents,
v
Yehuda Bar-Zvi, etc., et al., appellants.


Aaronson Rappaport Feinstein & Deutsch, LLP (Mauro Lilling Naparty LLP, Woodbury, NY [Caryn L. Lilling and Kathryn M. Beer], of counsel), for appellants.
Sanocki Newman & Turret, LLP, New York, NY (David B. Turret and Joshua Fogel of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendants appeal from a judgment of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), dated August 17, 2015. The judgment, upon a jury verdict awarding the plaintiff Cinthya Arcos the principal sums of $800,000 for past pain and suffering and $120,000 for future pain and suffering, and awarding the plaintiff Noel Baeza the principal sum of $100,000 for past loss of services, and upon an order of the same court dated June 8, 2015, inter alia, denying those branches of the defendants' motion which were pursuant to CPLR 4404(a) to set aside the jury verdict on the issue of damages to the plaintiff Cinthya Arcos as contrary to the weight of the evidence and as excessive, and to set aside the jury verdict on the issue of damages to the plaintiff Noel Baeza as contrary to the weight of the evidence, is in favor of the plaintiffs and against the defendants in the total principal sum of $1,020,000.
ORDERED that the judgment is affirmed, with costs.
On November 12, 2011, the plaintiff Cinthya Arcos, at that time 27 years old, gave birth to her first child. During delivery, the defendant Yehuda Bar-Zvi performed an episiotomy on Arcos, making an incision in Arcos's perineum, the area between the vagina and the rectum, and used a vacuum extractor to deliver the child. Arcos suffered a fourth degree perineal laceration during the course of delivery and, as a result of the defendants' failure to properly diagnose and repair the laceration, a rectovaginal fistula, or a hole between the rectum and the vagina, developed which caused Arcos pain and permitted fecal material and gas to pass through her vagina. In June 2012, and again in October 2012, Arcos underwent surgical procedures to repair the fistula. In June 2012, Arcos, and her husband, Noel Baeza, suing derivatively, commenced this action to recover damages for personal injuries and for loss of services. After a jury trial, insofar as relevant here, the jury awarded Arcos damages in the principal sums of $800,000 for past pain and suffering and $120,000 for future pain and suffering, and awarded Baeza damages in the principal sum of $100,000 for past loss of services. The defendants moved, inter alia, pursuant to CPLR 4404(a) to set aside the jury verdict on the issue of damages to Arcos as contrary to the weight of the evidence and as excessive, and to set aside the jury verdict on the issue of damages to Baeza as contrary to the weight of the evidence. In an order dated June 8, 2015, the Supreme Court, among other things, [*2]denied those branches of the defendants' motion. A judgment was subsequently entered in favor of the plaintiffs and against the defendants in the total principal sum of $1,020,000. The defendants appeal.
"The amount of damages to be awarded to a plaintiff for personal injuries is a question for the jury, and the jury's determination will not be disturbed unless the award deviates materially from what would be reasonable compensation" (Scaccia v Bieniewicz, 151 AD3d 900, 900; see CPLR 5501[c]; Tarpley v New York City Tr. Auth., 177 AD3d 929, 932). "Prior damage awards in cases involving similar injuries . . . serve to guide and enlighten' [the courts] in determining whether a verdict constitutes reasonable compensation" (Kusulas v Saco, 134 AD3d 772, 774, quoting Taveras v Vega, 119 AD3d 853, 854; see Diaz v Dadabo, 174 AD3d 787, 789). Consideration also is given to other factors, such as the nature and extent of the injuries (see Diaz v Dadabo, 174 AD3d at 789; Taveras v Vega, 119 AD3d at 854).
Here, considering the nature and the extent of Arcos's injuries, the jury's awards for past pain and suffering and future pain and suffering did not materially deviate from what would be reasonable compensation (see CPLR 5501[c]; Beverly H. v Jewish Hosp. & Med. Ctr. of Brooklyn, 135 AD2d 497, 498). Moreover, the jury's award for past loss of services was supported by legally sufficient evidence, and was not excessive (see CPLR 5501[c]; Nicastro v Park, 113 AD2d 129, 132).
CHAMBERS, J.P., AUSTIN, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court