Yu v New York City Health & Hosps. Corp. (2021 NY Slip Op 08215)





Yu v New York City Health & Hosps. Corp.


2021 NY Slip Op 08215


Decided on February 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2019-13029
 (Index No. 507744/14)

[*1]Michelle Yu, etc., appellant, 
v
New York City Health and Hospitals Corporation, respondent.


Silberstein, Awad & Miklos, P.C. (Robert A. Miklos and Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac], of counsel), for appellant.
Furman Kornfeld & Brennan, LLP (Vigorito, Barker, Patterson, Nichols & Porter, LLP, Valhalla, NY [Leilani Rodriguez], of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Kings County (Debra Silber, J.), dated October 22, 2019. The order, insofar as appealed from, granted that branch of the defendant's motion pursuant to CPLR 4404(a) which was to set aside a jury verdict in favor of the plaintiff and against the defendant and for a new trial in the interest of justice.
ORDERED that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, without costs or disbursements, that branch of the defendant's motion pursuant to CPLR 4404(a) which was to set aside the verdict in favor of the plaintiff and against the defendant and for a new trial in the interest of justice is denied, the jury verdict is reinstated, so much of the order as denied, as academic, that branch of the defendant's motion pursuant to CPLR 4404(a) which was to set aside as excessive the jury verdict on the issue of damages is vacated, that branch of the defendant's motion pursuant to CPLR 4404(a) which was to set aside as excessive the jury verdict on the issue of damages for future medical and other expenses is denied on the merits, and that branch of the defendant's motion pursuant to CPLR 4404(a) which was to set aside as excessive the jury verdict on the issue of damages for past and future pain and suffering is granted to the extent that a new trial is granted on the issue of damages for past and future pain and suffering only, unless within 30 days after the service upon her of a copy of this decision and order, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to decrease the verdict as to damages for past pain and suffering from the sum of $10,000,000 to the sum of $4,000,000, and future pain and suffering from the sum of $11,500,000 to the sum of $5,000,000, and to the entry of a judgment accordingly; in the event that the plaintiff so stipulates, then the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment accordingly.
On June 11, 2013, Carlyle Roberts was brought by ambulance to Kings County Hospital after being involved in a hit-and-run accident. A CT scan of Roberts's head performed that day showed a chronic subdural hematoma but no acute bleeding. On July 2, 2013, an MRI was performed to rule out a diffuse axonal injury. However, the study was incomplete because Roberts had moved during the test, and the medical staff decided not to do further testing in order to avoid [*2]having to sedate Roberts. On July 22, 2013, during a physical therapy session at the hospital, Roberts was unable to move to the edge of the bed without assistance or participate in physical therapy, due to fatigue. These facts were documented in his chart. The following morning, the hospital staff found Roberts to be lethargic, slurring his speech, and unable to follow commands. An emergency CT scan of Roberts's head was ordered at 7:09 a.m., was performed four hours later, and revealed an acute subdural hematoma that required an emergency craniotomy. Roberts thereafter experienced significant cognitive impairment as well as left-sided hemiplagia, which rendered him functionally paraplegic. Both conditions, among others, left Roberts unable to care for himself.
Subsequently, this action was commenced on Roberts's behalf, inter alia, to recover damages for medical malpractice. The plaintiff asserted that the hospital had failed to timely diagnose and treat Roberts's subdural hematoma, including by failing to perform repeat CT scans of his head between July 2, 2013, and July 21, 2013, failing to perform a CT scan of his head on July 22, 2013, after the aborted physical therapy session, and delaying the emergency CT scan of his head ordered on July 23, 2013. After a jury trial, a verdict was rendered in favor of the plaintiff, awarding damages for past pain and suffering in the sum of $10,000,000 and for future pain and suffering in the sum of $11,500,000, over a period of 11.5 years. The jury also awarded damages for future medical and other expenses.
The defendant thereafter moved pursuant to CPLR 4404(a) to set aside the verdict and for a new trial in the interest of justice, on the basis of misconduct by the plaintiff's counsel, principally during summation. Alternatively, the defendant sought to reduce the amount of damages. By order dated October 22, 2019, the Supreme Court, inter alia, granted that branch of the motion which was to set aside the verdict and for a new trial in the interest of justice and denied, as academic, that branch of the motion which was to set aside the verdict on damages as excessive. The plaintiff appeals.
Under CPLR 4404(a), a trial court has the discretion to order a new trial "in the interest of justice." In considering whether to exercise such discretionary power based on errors at trial, the court "must decide whether substantial justice has been done [and] whether it is likely that the verdict has been affected" (Micallef v Miehle Co., Div. of Miehle-Goss Dexter, 39 NY2d 376, 381). On appeal, "this Court is invested with the power to decide whether the trial court providently exercised its discretion" (Kleiber v Fichtel, 172 AD3d 1048, 1050; see Micallef v Miehle Co., Div. of Miehle-Goss Dexter, 39 NY2d at 381).
Here, we conclude that the Supreme Court improvidently exercised its discretion in ordering a new trial in the interest of justice based upon attorney misconduct. Some of the challenged conduct was improper, and we do not condone it (see Lariviere v New York City Tr. Auth., 131 AD3d 1130, 1132). However, "where counsel, in summing up, exceeds the bounds of legal propriety, it is the duty of the opposing counsel to make a specific objection and for the court to rule on the objection, to direct the jury to disregard any improper remarks, and to admonish counsel from repetition of improper remarks" (Kleiber v Fichtel, 172 AD3d at 1051). Here, defense counsel did not object to the challenged remarks during summation or request a curative instruction, thus depriving the court of the opportunity to direct the jury to disregard improper remarks or give other curative instructions, and to avoid further error (see Reilly v St. Charles Hosp. & Rehabilitation Ctr., 143 AD3d 692, 694; Frederic v City of New York, 117 AD3d 899, 900). "Where no objection is interposed, a new trial may be directed only where the remarks are so prejudicial as to have caused a gross injustice, and where the comments are so pervasive, prejudicial, or inflammatory as to deprive a party of a fair trial" (Kleiber v Fichtel, 172 AD3d at 1052). The misconduct of the plaintiff's counsel in the instant case was not so pervasive or prejudicial as to have deprived the defendant of a fair trial, or to have affected the verdict, particularly in light of the strength of the plaintiff's case (see id.; Lariviere v New York City Tr. Auth., 131 AD3d at 1132; Davidov v Fieldman, 55 AD3d 779, 780). Accordingly, we deny that branch of the defendant's motion pursuant to CPLR 4404(a) which was to set aside the verdict and for a new trial in the interest of justice, and reinstate the verdict.
The plaintiff requests that we consider on this appeal the merits of that branch of the [*3]defendant's motion pursuant to CPLR 4404(a) which was to set aside as excessive the jury verdict on the issue of damages. Since both parties fully briefed the merits of that issue, we consider it in the interest of judicial economy (see Bonafede v Bonito, 145 AD3d 842, 843; Dockery v Sprecher, 68 AD3d 1043, 1046; Gonzalez v City of New York, 286 AD2d 706, 708). The defendant failed to demonstrate, through any evidence, that the amount of damages awarded by the jury for future medical and other expenses, which were based on a life care plan created for Roberts and entered into evidence, was excessive or inaccurate. However, the amount of damages awarded by the jury for past and future pain and suffering deviated materially from what would be reasonable compensation to the extent indicated herein (see CPLR 5501[c]; Alcantara v New York City Tr. Auth., 140 AD3d 808).
CHAMBERS, J.P., MILLER, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court