Fortune v New York City Hous. Auth. (2022 NY Slip Op 00169)





Fortune v New York City Hous. Auth.


2022 NY Slip Op 00169


Decided on January 12, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 12, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.


2020-07165 
2020-09353
 (Index No. 521950/17)

[*1]Clarington Fortune, respondent, 
v
New York City Housing Authority, defendant third-party plaintiff-appellant; American Pipe & Tank Lining Co., Inc., third-party defendant-appellant.


Ahmuty, Demers & McManus, New York, NY (Shaub, Ahmuty, Citrin & Spratt, LLP [Timothy R. Capowski, Gerard S. Rath, John F. Watkins, and Joseph J. Beglane], of counsel), for defendant third-party plaintiff-appellant and third-party defendant-appellant.
Burns & Harris, New York, NY (Alison R. Keenan, Blake G. Goldfarb, Judith F. Stempler, and Pollack, Pollack, Isaac & DeCicco, LLP [Brian J. Isaac], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant third-party plaintiff and the third-party defendant appeal from (1) a judgment of the Supreme Court, Kings County (Kathy J. King, J.), entered September 1, 2020, and (2) an order of the same court dated November 12, 2020. The judgment, insofar as appealed from, upon a jury verdict on the issue of damages, is in favor of the plaintiff and against the defendant third-party plaintiff and the third-party defendant in the principal sums of $2,000,000 for past pain and suffering, $1,000,000 for future pain and suffering, and $132,000 for future lost earnings. The order denied the separate motions of the defendant third-party plaintiff and the third-party defendant pursuant to CPLR 4404(a) to set aside the jury verdicts awarding damages for past and future pain and suffering as excessive, and to set aside the jury verdict awarding damages for future lost earnings as contrary to the weight of the evidence, and for a new trial or remittitur with respect to those damages.
ORDERED that the judgment is reversed insofar as appealed from, on the law, on the facts, and in the exercise of discretion, without costs or disbursements, the order is vacated, and the matter is remitted to the Supreme Court, Kings County, for a new trial on the issue of damages for past pain and suffering, future pain and suffering, and future lost earnings, and for the entry of an appropriate amended judgment thereafter, unless within 30 days after service upon the plaintiff of a copy of this decision and order, the plaintiff serves and files in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdicts as to damages for past pain and suffering from the principal sum of $2,000,000 to the principal sum of $1,300,000, for future pain and suffering from the principal sum of $1,000,000 to the principal sum of $700,000, and for future lost earnings from the principal sum of $132,000 to the principal sum of $99,000, and to the entry of an appropriate amended judgment accordingly; in the event that the plaintiff so [*2]stipulates, then the judgment, as so reduced and amended, is affirmed insofar as appealed from, without costs or disbursements; and it is further,
ORDERED that the appeal from the order is dismissed as academic, without costs or disbursements, in light of our determination on the appeal from the judgment.
The amount of damages to be awarded to a plaintiff for personal injuries is a question for the jury, and its determination will not be disturbed unless the award deviates materially from what would be reasonable compensation (see id. § 5501[c]; Peterson v MTA, 155 AD3d 795, 798; Graves v New York City Tr. Auth., 81 AD3d 589, 589). "[T]he 'reasonableness' of compensation must be measured against the relevant precedent of comparable cases" (Turuseta v Wyassup-Laurel Glen Corp., 91 AD3d 632, 634; see Donlon v City of New York, 284 AD2d 13, 15). Although prior damages awards in cases involving similar injuries are not binding upon the courts, they "guide and enlighten them in determining whether a verdict constitutes reasonable compensation" (Taveras v Vega, 119 AD3d 853, 854 [internal quotation marks omitted]). "Consideration also is given to other factors, such as the nature and extent of the injuries" (Arcos v Bar-Zvi, 185 AD3d 882, 883; see Nieva-Silvera v Katz, 195 AD3d 1035, 1037).
Here, the defendant/third-party plaintiff, New York City Housing Authority, and the third-party defendant, American Pipe & Tank Lining Co., Inc. (hereinafter together the appellants), correctly contend that the awards for past pain and suffering and future pain and suffering deviated materially from what would be reasonable compensation (see CPLR 5501[c]). The plaintiff's evidence at trial demonstrated that he suffered multiple fractures to his left hip when a coworker landed on him after falling approximately 20 feet from the top of a water tank that they were installing. The plaintiff's injuries required that he undergo surgery on his left hip, which in turn caused the plaintiff to develop nerve pain in his leg and a "foot drop" condition. One year later, and after having spent four months in a rehabilitation facility, the plaintiff underwent a total hip replacement, after which he was diagnosed with a limb length discrepancy. The plaintiff continues to experience pain in his leg for which he takes prescription medication, and is able to walk only short distances and must use crutches. Under the circumstances, and taking into account awards in similar cases (see Morales v Davidson Apts., LLC, 193 AD3d 719; Henry v New York City Tr. Auth., 92 AD3d 460), we find that the awards for past pain and suffering and future pain and suffering deviated materially from what would be reasonable compensation to the extent indicated herein.
The appellants correctly contend that the award for future lost earnings is contrary to the weight of the evidence. "Claims for lost earnings must be ascertainable with a reasonable degree of certainty and may not be based on conjecture" (Glaser v County of Orange, 54 AD3d 997, 998 [internal quotation marks omitted]). It is the plaintiff's burden to establish damages for past and future lost earnings with reasonable certainty (see Gore v Cardany, 167 AD3d 851, 852; Nayberg v Nassau County, 149 AD3d 761, 762). Here, the evidence introduced at trial reflected that the plaintiff, who was 70 years old at the time of the accident, had earned $33,000 per year in the years immediately preceding the accident and was unable to return to work thereafter. The plaintiff testified that prior to the accident, he had been in good health and had intended to continue working for "as long as [he] could," "maybe" until he was 76 or 77 years old. Upon this record, the jury verdict awarding damages for future lost earnings in excess of $99,000, which was the amount requested by the plaintiff, is contrary to the weight of the evidence (see Tonaj v ABC Carpet Co., Inc., 43 AD3d 337, 339-340; Khulaqi v Sea-Land Servs., 185 AD2d 973, 974).
Although the appellants' contentions regarding summation comments made by the plaintiff's counsel during the trial are unpreserved for appellate review (see Gil v New York City Tr. Auth., 197 AD3d 1242; Wilson v City of New York, 65 AD3d 906, 908), we note that "litigants are entitled, as a matter of law, to a fair trial free from improper comments by counsel or the trial court" (Rodriguez v City of New York, 67 AD3d 884, 886; see Nieves v Clove Lakes Health Care & Rehabilitation, Inc., 179 AD3d 938, 940; Ortiz v Jaramillo, 84 AD3d 766). "The interest of justice thus requires a court to order a new trial where comments by an attorney for a party's adversary deprived that party of a fair trial or unduly influenced a jury" (Rodriguez v City of New York, 67 AD3d at 885; see Huff v Rodriguez, 64 AD3d 1221, 1223). Here, the challenged conduct was [*3]improper and we do not condone it (see Yu v New York City Health & Hosps. Corp., 191 AD3d 1040, 1042; Lariviere v New York City Tr. Auth., 131 AD3d 1130, 1132). Nonetheless, the comments were not so pervasive or prejudicial as to have deprived either of the appellants of a fair trial (see Yu v New York City Health & Hosps. Corp., 191 AD3d at 1043; Kleiber v Fichtel, 172 AD3d 1048, 1051; cf. Nieves v Clove Lakes Health Care & Rehabilitation, Inc., 179 AD3d at 940).
RIVERA, J.P., CHAMBERS, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court