Wynter v Transdev Servs., Inc. (2022 NY Slip Op 04758)

Wynter v Transdev Servs., Inc.

2022 NY Slip Op 04758

Decided on July 27, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 27, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
SHERI S. ROMAN
LINDA CHRISTOPHER
DEBORAH A. DOWLING, JJ.

2019-07850
 (Index No. 6014/15)

[*1]Phil Wynter, respondent, 
v
Transdev Services, Inc., et al., appellants.

Lewis Brisbois Bisgaard & Smith LLP, New York, NY (James M. Strauss of counsel), for appellants.
Restivo & Murphy LLP (Hogan & Cassell, LLP, Jericho, NY [Michael D. Cassell], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from a judgment of the Supreme Court, Kings County (Pamela L. Fisher, J.), dated June 10, 2019. The judgment, insofar as appealed from, upon a jury verdict on the issue of damages for past pain and suffering, future pain and suffering, and future medical expenses, and upon an order of the same court dated December 20, 2018, inter alia, denying those branches of the defendants' motion which were pursuant to CPLR 4404(a) to set aside so much of the verdict as awarded the plaintiff the principal sums of $3,000,000 for past pain and suffering and $2,500,000 for future pain and suffering as excessive, and to set aside so much of the verdict as awarded the plaintiff $600,000 for future medical expenses as contrary to the weight of the evidence, and for a new trial or remittitur with respect to those damages, is in favor of the plaintiff and against the defendants in the principal sums of $3,000,000 for past pain and suffering, $2,500,000 for future pain and suffering, and $600,000 for future medical expenses.
ORDERED that the judgment is modified, on the facts and in the exercise of discretion, by deleting the provision thereof awarding damages to the plaintiff for future medical expenses; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, that branch of the defendants' motion which was pursuant to CPLR 4404(a) to set aside so much of the verdict as awarded the plaintiff $600,000 for future medical expenses as contrary to the weight of the evidence and for a new trial on the issue of those damages is granted, the order is modified accordingly, and the matter is remitted to the Supreme Court, Kings County, for a new trial on the issue of damages for future medical expenses, and for the entry of an appropriate amended judgment thereafter, unless within 30 days after service upon the plaintiff of a copy of this decision and order, the plaintiff serves and files in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the award of damages for future medical expenses from the principal sum of $600,000 to the principal sum of $450,000, and to the entry of an appropriate amended judgment accordingly; in the event the plaintiff so stipulates, the judgment, as so reduced and amended, is affirmed insofar as appealed from, with costs.
On December 12, 2014, at approximately 6:00 a.m., the plaintiff was walking to work, and as he crossed Merrick Boulevard in Queens, a bus struck his left side, knocked him to the [*2]ground, and ran over his left leg and foot. The plaintiff was transported by ambulance to the emergency room at Jamaica Hospital Medical Center. It was determined that the plaintiff had sustained a crush degloving injury to his left foot, an open fracture of the big toe, an open dislocation of the first metatarsal joint, and open fractures and dislocations of the second through fifth toes. The plaintiff underwent life-saving and emergent surgery, which included debridement and irrigation of his skin, amputation of his big toe, and setting fractures in his remaining four toes, among other things.
The plaintiff was in the hospital for 29 days. After he was discharged, the plaintiff was confined to a wheelchair for approximately six or seven months, after which he used a walker for an additional two months. Approximately six months after his discharge, an additional surgical procedure was performed on the plaintiff, during which the medical team removed the wires from the plaintiff's remaining toes and grafted skin from his left thigh and hip, placing it on top of his left foot.
Prior to the accident, the plaintiff was active, engaged in walks and hiking, and had a sales job. The plaintiff has not worked since the accident. At the time of trial, the plaintiff could stand for approximately two minutes at a time without the use of an assistive device, such as a cane or crutches, which he will continue to need to ambulate with any degree of function for the remainder of his life. The plaintiff has developed arthritis under his remaining toes and experiences significant neurogenic pain. The plaintiff will need additional surgeries in the future, and prior attempts at utilizing a prosthetic device were unsuccessful.
After a trial on the issue of damages, the jury awarded the plaintiff damages in the principal sums of $3,000,000 for past pain and suffering, $2,500,000 for future pain and suffering based on the plaintiff's 30-year life expectancy, and $600,000 for future medical expenses. The parties stipulated to an amount of damages for past medical expenses. A judgment was subsequently issued, inter alia, awarding the plaintiff damages in the principal sums of $3,000,000 for past pain and suffering, $2,500,000 for future pain and suffering, and $600,000 for future medical expenses. The defendants appeal.
The amount of damages to be awarded to a plaintiff for personal injuries is a question for the jury, and its determination will not be disturbed unless the award deviates materially from what would be reasonable compensation (see Fortune v New York City Hous. Auth., 201 AD3d 705, 706-707; Peterson v MTA, 155 AD3d 795, 798; Graves v New York City Tr. Auth., 81 AD3d 589, 589). "'[T]he "reasonableness" of compensation must be measured against the relevant precedent of comparable cases'" (Fortune v New York City Hous. Auth., 201 AD3d at 707, quoting Turuseta v Wyassup-Laurel Glen Corp., 91 AD3d 632, 634; see Donlon v City of New York, 284 AD2d 13, 15). "Although prior damages awards in cases involving similar injuries are not binding upon the courts, they 'guide and enlighten them in determining whether a verdict constitutes reasonable compensation'" (Fortune v New York City Hous. Auth., 201 AD3d at 707, quoting Taveras v Vega, 119 AD3d 853, 854). "'Consideration also is given to other factors, such as the nature and extent of the injuries'" (Fortune v New York City Hous. Auth., 201 AD3d at 707, quoting Arcos v Bar-Zvi, 185 AD3d 882, 883; see Nieva-Silvera v Katz, 195 AD3d 1035, 1037).
Contrary to the defendants' contention, the awards for past and future pain and suffering did not deviate materially from reasonable compensation (see CPLR 5501[c]; Loja v Lavelle, 132 AD3d 637, 641; Lewis v New York City Tr. Auth., 100 AD3d 554, 554).
"'Awards of damages for past and future medical expenses must be supported by competent evidence which establishes the need for, and the cost of, medical care'" (Tarpley v New York City Tr. Auth., 177 AD3d 929, 933, quoting Quijano v American Tr. Ins. Co., 155 AD3d 981, 983 [internal quotation marks omitted]; see Starkman v City of Long Beach, 148 AD3d 1070, 1072). Here, an award of damages for future medical expenses was supported by the evidence (see Tarpley v New York City Tr. Auth., 177 AD3d at 933; Nayberg v Nassau County, 149 AD3d 761, 762). The plaintiff's treating physician provided an uncontroverted opinion that the plaintiff would require, inter alia, future physical therapy, visits to orthopedic and plastic surgeons, and physical therapy and [*3]pain management physicians, as well as MRIs and other diagnostic tests, with an estimated cost, in effect, of $450,000. Thus, the verdict awarding damages for future medical expenses in the principal sum of $600,000 was, in part, speculative and should be reduced accordingly (see Tarpley v New York City Tr. Auth., 177 AD3d at 933; Mohamed v New York City Tr. Auth., 80 AD3d 677, 679; O'Donnell v Blanaru, 33 AD3d 776, 776-777; Jansen v Raimondo & Son Constr. Corp., 293 AD2d 574, 575; Sanvenero v Cleary, 225 AD2d 755, 756).
LASALLE, P.J., ROMAN, CHRISTOPHER and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court