Silo v City of New York (2022 NY Slip Op 06773)

Silo v City of New York

2022 NY Slip Op 06773

Decided on November 29, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 29, 2022

Before: Acosta, P.J., Kern, Singh, Scarpulla, Pitt, JJ. 

Index No. 150372/13 Appeal No. 16754 Case No. 2021-04270 

[*1]Timothy Silo, Plaintiff-Appellant,
v
City of New York, et al., Defendants-Respondents.

Rae Downes Koshetz, New York, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Chloe K. Moon of counsel), for respondent.

Judgment, Supreme Court, New York County (Gerald Lebovits, J.), entered August 2, 2019, after a jury trial, in favor of defendants dismissing the complaint, unanimously affirmed, without costs.
Plaintiff, a former police officer, commenced this action against defendants claiming that he was terminated on the basis of a perceived predisposition to alcoholism, in violation of the State and City Human Rights Laws. Despite plaintiff's argument, the jury's verdict after trial in favor of defendants was not against the weight of the evidence (see Lolik v Big V Supermarkets, 86 NY2d 744 [1995]; Lopez v City of New York, 192 AD3d 634, 637 [1st Dept 2021]). The evidence showed that plaintiff's termination was the result of his unprofessional behavior during an off-duty incident and his dishonesty, evasiveness, and failure to take accountability during subsequent interviews with two Department psychologists. In light of the record, the evidence plaintiff cites of the psychologists' conclusions that plaintiff was at risk of future alcohol dependency merely "created factual and credibility issues that were properly determined by the jury" (Rozon v Schottenstein, 204 AD3d 94, 103 [1st Dept 2022]).
The trial court properly denied plaintiff's motion to judicially estop defendants from advancing the theory at trial that plaintiff was terminated for poor performance, to deem admitted defendants' statements in their summary judgment brief, or to issue a jury instruction to that effect. Defendants' submission, in its summary judgment motion, of a Chief of Personnel memorandum recommending termination, which referenced plaintiff's "defensive, evasive and deceptive" presentation in a psychologist interview, his "tumultuous" and "combative behavior" during the incident, and his lack of "maturity and discipline," put plaintiff on notice that defendants would seek to prove those legitimate, nondiscriminatory reasons at trial. Defendants' invocation of those reasons at trial, despite having emphasized others in their memorandum of law in support of summary judgment, was therefore neither contrary to nor inconsistent with an earlier assumed position which could warrant judicial estoppel (see New Hampshire Ins. Co. v MF Global Fin. USA Inc., 204 AD3d 141, 155 [1st Dept 2022]).
Plaintiff's argument for a new trial based on attorney misconduct is not preserved for appellate review (see Smith v Rudolph, 151 AD3d 58, 62 [1st Dept 2017]). In any event, he cites no misconduct by defense counsel that was "so pervasive or prejudicial as to have deprived [him] of a fair trial, or to have affected the verdict, particularly in light
of the strength of [defendants'] case" (Yu v New York City Health & Hosps. Corp., 191 AD3d 1040, 1040 [1st Dept 2021]).
We have considered plaintiff's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 29, 2022