Mainardi v Imperial Towers (2026 NY Slip Op 00125)

Mainardi v Imperial Towers

2026 NY Slip Op 00125

Decided on January 14, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 14, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
PAUL WOOTEN
WILLIAM G. FORD
PHILLIP HOM, JJ.

2023-12175
 (Index No. 151849/20)

[*1]Diana Mainardi, appellant, 
vImperial Towers, et al., respondents.

Held, Held & Held (The Altman Law Firm, PLLC, Woodmere, NY [Michael T. Altman], of counsel), for appellant.
Gerber Ciano Kelly Brady LLP (Kahana & Feld, LLP, New York, NY [Sean Harriton, Timothy R. Capowski, and Christopher R. Theobalt], of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Richmond County (Ralph J. Porzio, J.), dated September 12, 2023. The judgment, upon a jury verdict on the issue of liability, is in favor of the defendants and against the plaintiff dismissing the complaint.
ORDERED that the judgment is affirmed, with costs.
On May 31, 2020, the plaintiff visited friends on the second floor of an apartment complex owned by the defendant Imperial Towers, operated by the defendant Imperial Towers Condominium, and managed by the defendant Island Condo Management Corp. (hereinafter collectively the defendants). On the day in question, the elevator at the complex was not working, and the plaintiff walked up the stairs to reach her friend's apartment. In order to leave the complex, the plaintiff used the same stairs to return to the first floor and exit the building. The stairs were separated from the hallway of the second floor by a doorway, which opened up into an alcove, separated by a step down (hereinafter the alcove). The plaintiff testified that she opened the door to the alcove, stepped with her right foot down through the entryway, and then lost her balance and fell when she stepped down with her left foot.
On October 16, 2020, the plaintiff commenced this action against the defendants. After a liability trial, the jury unanimously determined that the defendants were negligent but that the defendants' negligence was not a substantial factor in causing the plaintiff's fall. Thereafter, the Supreme Court entered a judgment in favor of the defendants and against the plaintiff dismissing the complaint. The plaintiff appeals. We affirm.
The plaintiff's contentions that she was deprived of her right to a fair trial due to the partiality of the Supreme Court are unpreserved for appellate review (see Fortune v New York City Hous. Auth., 201 AD3d 705, 708). In any event, the plaintiff's contentions are without merit. "[A]ll litigants, regardless of the merits of their case, are entitled to a fair trial" (Habenict v R.K.O. Theatres, 23 AD2d 378, 379). "A trial court 'has broad authority to control the courtroom, rule on [*2]the admission of evidence, elicit and clarify testimony, expedite the proceedings and to admonish counsel and witnesses when necessary'" (Ioffe v Seruya, 134 AD3d 993, 995-996, quoting Nunez v New York City Health & Hosps. Corp. [Elmhurst Hosp. Ctr.],110 AD3d 686, 688). "A trial justice must maintain an atmosphere of impartiality," however, "[a] [t]rial [justice] is not reduced to such constraint that he [or she] may not make remarks on occurrences during the trial" (Evans v New York City Tr. Auth., 179 AD3d 105, 113 [internal quotation marks omitted]). Here, the plaintiff failed to demonstrate that she was treated disparately by the court or that her counsel was admonished outside of appropriate bounds.
Furthermore, the Supreme Court providently exercised its discretion in admitting into evidence a photograph of the accident area (see Giglio v Maher, 282 AD2d 707, 707-708). Additionally, the evidence was insufficient to warrant a jury charge on the issue of failure to produce certain evidence at trial.
Accordingly, the plaintiff was not deprived of her right to a fair trial (see Fortune v New York City Hous. Auth., 201 AD3d at 708).
Under CPLR 4404(a), "the court may set aside a jury verdict and order a new trial where it finds that the verdict was contrary to the weight of the evidence" (Madigan v Putnam County, 230 AD3d 751, 753; see Yankovitch v Fessel, 170 AD3d 784, 785). "A jury verdict may be set aside as contrary to the weight of the evidence only if 'the evidence so preponderated in favor of the [moving party] that the verdict could not have been reached on any fair interpretation of the evidence'" (Pen v Wheels, Inc., 231 AD3d 848, 848, quoting Lolik v Big V Supermarkets, 86 NY2d 744, 746; see Galeano v Giambrone, 218 AD3d 745, 746-747). "Whether a jury verdict should be set aside as contrary to the weight of the evidence does not involve a question of law, but rather requires a discretionary balancing of many factors" (Williams v New York City Tr. Auth., 121 AD3d 780, 781).
"'It is within the province of the jury to determine issues of credibility, and great deference is accorded to the jury given its opportunity to see and hear the witnesses'" (Tsimbalenko v Irizarry, 104 AD3d 842, 843, quoting Palermo v Original California Taqueria, Inc., 72 AD3d 917, 918). "A court must not interfere with a jury's fact-finding process merely because it disagrees with its findings or would have evaluated the witnesses' credibility differently and reached a contrary determination" (Reilly v Ninia, 81 AD3d 913, 915). "When a verdict can be reconciled with a reasonable view of the evidence, the successful party is entitled to the presumption that the jury adopted that view" (Fernandez v Taping Expert, Inc., 210 AD3d 651, 651-652).
Contrary to the plaintiff's contention, there is a reasonable view of the evidence that supports the jury's determination that the defendants were negligent but that their negligence was not a substantial factor in causing the plaintiff's accident. Here, the evidence indicates that the plaintiff lost her balance after having already been aware of the height differential, and that she admitted that her fall was her own fault. Accordingly, the jury's verdict was not contrary to the weight of the evidence (see Madigan v Putnam County, 230 AD3d at 753).
BARROS, J.P., WOOTEN, FORD and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court