Quentin v Knox (2026 NY Slip Op 00919)

Quentin v Knox

2026 NY Slip Op 00919

Decided on February 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
JANICE A. TAYLOR
PHILLIP HOM, JJ.

2025-02109
 (Index No. 57868/20)

[*1]Beverly Quentin, respondent, 
vGrannell E. Knox, appellant.

Bryant & Pipenger, LLP, Mineola, NY (Matt Bryant of counsel), for appellant.
Law Offices of Francis X. Young, PLLC, White Plains, NY, for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Westchester County (Helen M. Blackwood, J.), dated August 27, 2024. The judgment, upon a jury verdict in favor of the plaintiff on the issue of liability and upon a separate jury verdict on the issue of damages awarding the plaintiff the sums of $3,000,000 for past pain and suffering, $1,000,000 for future pain and suffering, and $1,000,000 for punitive damages, and upon an order of the same court dated April 5, 2024, denying the defendant's motion pursuant to CPLR 4404(a) to set aside the jury verdict on the issue of liability as contrary to the weight of the evidence or in the interest of justice and for a new trial on the issue of liability or, in the alternative, to set aside, as excessive, the jury verdict on the issue of damages, is in favor of the plaintiff and against the defendant in the principal sum of $5,000,000.
ORDERED that the judgment is affirmed, with costs.
The plaintiff commenced this action against the defendant pursuant to the Child Victims Act (CVA) (see CPLR 214-g), alleging, among other things, that the defendant, her paternal uncle, repeatedly sexually abused her as a child in the 1960s. After a jury trial on the issue of liability, the jury found that there was sexual contact between the plaintiff and the defendant when the plaintiff was under the age of 14. Following a trial on the issue of damages, the jury awarded the plaintiff the sums of $3,000,000 for past pain and suffering, $1,000,000 for future pain and suffering, and $1,000,000 for punitive damages.
Subsequently, the defendant moved pursuant to CPLR 4404(a) to set aside the jury verdict on the issue of liability as contrary to the weight of the evidence or in the interest of justice and for a new trial on the issue of liability or, in the alternative, to set aside, as excessive, the verdict on the issue of damages. In an order dated April 5, 2024, the Supreme Court denied the defendant's motion. The court issued a judgment dated August 27, 2024, in favor of the plaintiff and against the defendant in the principal sum of $5,000,000. The defendant appeals.
"A jury verdict may be set aside as contrary to the weight of the evidence [under CPLR 4404(a)] only if the evidence so preponderated in favor of the [moving party] that the verdict could not have been reached on any fair interpretation of the evidence" (Pen v Wheels, Inc., 231 AD3d 848, 848 [internal quotation marks omitted]; see Lolik v Big V Supermarkets, 86 NY2d 744, 746). "It is for the jury to make determinations as to the credibility of the witnesses, and great [*2]deference in this regard is accorded to the jury, which had the opportunity to see and hear the witnesses" (Angieri v Musso, 225 AD3d 43, 51 [internal quotation marks omitted]; see Bacchus v Restaurant Depot, LLC, 234 AD3d 903, 904).
Here, the record provides no basis for disturbing the jury's determination to credit the plaintiff's testimony over that of the defendant's testimony, and a fair interpretation of the evidence supports the jury's finding that there was sexual contact between the plaintiff and the defendant while the plaintiff was under the age of 14 (see Hannays v Miskiewicz, 240 AD3d 582, 584). Thus, the jury's verdict on the issue of liability was not contrary to the weight of the evidence.
"A motion pursuant to CPLR 4404(a) to set aside a verdict and for a new trial in the interest of justice encompasses errors in the trial court's rulings on the admissibility of evidence, mistakes in the charge, misconduct, newly discovered evidence, and surprise" (Bhim v Platz, 207 AD3d 511, 513 [internal quotation marks omitted]; see Hervey v Northern Westchester Hosp., 238 AD3d 1117, 1118). In considering such a motion, a trial judge must decide "whether substantial justice has been done" and "whether it is likely that the verdict has been affected" and must rely on his or her "own common sense, experience and sense of fairness" (Micallef v Miehle Co., Div. of Miehle-Goss Dexter, 39 NY2d 376, 381 [internal quotation marks omitted]; see Hervey v Northern Westchester Hosp., 238 AD3d at 1118). On appeal, "this Court is invested with the power to decide whether the trial court providently exercised its discretion" (Yu v New York City Health & Hosps. Corp., 191 AD3d 1040, 1042 [internal quotation marks omitted]; see Micallef v Miehle Co., Div. of Miehle-Goss Dexter, 39 NY2d at 381).
The defendant's contentions regarding certain summation comments and a cross-examination question by the plaintiff's counsel are largely unpreserved for appellate review (see Farias-Alvarez v Interim Healthcare of Greater N.Y., 166 AD3d 945, 947; Coma v City of New York, 97 AD3d 715, 716). To the extent that the contentions are preserved, "litigants are entitled, as a matter of law, to a fair trial free from improper comments by counsel or the trial court" (Rodriguez v City of New York, 67 AD3d 884, 886; see Fortune v New York City Hous. Auth., 201 AD3d 705, 708). "The interest of justice thus requires a court to order a new trial where comments by an attorney for a party's adversary deprived that party of a fair trial or unduly influenced a jury" (Rodriguez v City of New York, 67 AD3d at 885; see Bacchus v Restaurant Depot, LLC, 234 AD3d at 905). Here, some of the challenged conduct by the plaintiff's counsel was improper, and we do not condone it (see Fortune v New York City Hous. Auth., 201 AD3d at 708; Lariviere v New York City Tr. Auth., 131 AD3d 1130, 1132). Nonetheless, the conduct was not so pervasive or prejudicial as to have deprived the defendant of a fair trial (see Fortune v New York City Hous. Auth., 201 AD3d at 708; Lariviere v New York City Tr. Auth., 131 AD3d at 1132).
The defendant's contentions that the Supreme Court improperly admitted testimony regarding the plaintiff's outcry to her mother and a college dorm mate into evidence is unpreserved for appellate review (see People v Darby, 196 AD3d 643, 644; Burke v Carrion, 101 AD3d 920, 922). The defendant's contentions concerning the admission of testimony regarding his failure to respond to a phone call and the court's response to a jury note asking for a readback of that testimony are also unpreserved for appellate review (see Torres v Hickman, 162 AD3d 821, 823; Burke v Carrion, 101 AD3d at 922).
"The amount of damages to be awarded to a plaintiff for personal injuries is a question for the jury, and its determination will not be disturbed unless the award deviates materially from what would be reasonable compensation" (Wynter v Transdev Servs., Inc., 207 AD3d 785, 787; see CPLR 5501[c]). "Since the inherently subjective nature of noneconomic awards cannot produce mathematically precise results, the reasonableness of compensation must be measured against the relevant precedent of comparable cases" (Liciaga v New York City Tr. Auth., 231 AD3d 250, 255 [internal quotation marks omitted]). "Although prior damage awards in cases involving similar injuries are not binding upon the courts, they guide and enlighten them with respect to determining whether a verdict in a given case constitutes reasonable compensation" (Aguilar v Graham Terrace, LLC, 237 AD3d 1149, 1151 [internal quotation marks omitted]). "However, consideration should also be given to other factors, including the nature and extent of the injuries" (Liciaga v New York City Tr. Auth., 231 AD3d at 256 [internal quotation marks omitted]; see Fuentes v Ingram, 235 [*3]AD3d 850, 852).
Here, considering the nature and extent of the injuries sustained by the plaintiff and the relevant precedent, the damages awards for past and future pain and suffering did not deviate materially from what would be reasonable compensation (see CPLR 5501[c]; Splawn v Lextaj Corp., 197 AD2d 479, 480-481; Breest v Haggis, 2023 WL 374404, *3, 2023 NY Misc LEXIS 23487, *7-9 [Sup Ct, NY County, No. 161137/2017]; see also Stines v Sanchez, 2025 WL 3701734, *7, 2025 US Dist LEXIS 263453, *18-19 [SD NY, No. 21 Civ. 7884 (DEH) (GWG)]).
Moreover, contrary to the defendant's contention, the punitive damages award was not excessive (see generally Nardelli v Stamberg, 44 NY2d 500, 503; Frankson v Brown & Williamson Tobacco Corp., 67 AD3d 213, 219).
The defendant's remaining contention is without merit.
DUFFY, J.P., WOOTEN, TAYLOR and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court